[Civil No. 3200. Filed September 17, 1932.]

[14 Pac. (2d) 253.]

KATHERINE V. MacRAE, Appellant, v. JOHN H. BETTS, Jr., Appellee.

Messrs. Moore & Shimmel, for Appellant.

Mr. Frank H. Lyman, for Appellee.

ROSS, J.—This is an action by plaintiff, Katherine V. MacRae, against John H. Betts, Jr., for damages for breach of contract. The allegations of the complaint, in short, are: That plaintiff, being the owner in fee simple of lots 1, 2, 5 and 6, section 24, township 5 south, range 7 east, Gila and Salt River Base and Meridian, Pinal county, Arizona, on September 6, 1922, conveyed the legal title thereof to defendant in trust to enable him to exchange the same for real property in Los Angeles or vicinity, taking the title in plaintiff's name, with the agreement that, if defendant was not able to make an exchange satisfactory to plaintiff within a reasonable time, he would upon plaintiff's demand reconvey the property to her. It is alleged that defendant did not exchange the property, and

that, although plaintiff has repeatedly demanded of him a reconveyance thereof to her, he has declined to do so; that by reason thereof she has lost her title and ownership to her damage in the sum of $30,000, for which she asks judgment.

The defendant's answer to the complaint was that the matters and things therein set out between the same parties, involving the same subject matter, had theretofore been formally and finally adjudicated against the plaintiff. In support of his plea of *res judicata,* defendant offered in evidence the record in cause No. 3859, in the superior court of Pinal county, in which the plaintiff here was plaintiff and John H. Betts, Jr., Edna D. Betts, his wife, and Thomas MacRae were defendants, and also the judgment and decision of the Supreme Court of the state dismissing plaintiff's appeal, and rested.

The plaintiff then offered to introduce evidence, but such offer was rejected, and judgment sustaining the plea of *res judicata* was duly entered. The plaintiff has appealed.

In the Pinal county case the actual dispute or controversy was between the two MacRaes, and involved the question as to which of them was the owner of the land. Each claimed it as his sole and separate property, and each asked the court to quiet his title against the other and against John H. Betts, Jr., and Edna D. Betts, his wife, who were made parties to the action because the MacRaes had theretofore by their joint deed conveyed to John H. Betts, Jr., the legal title thereto, with an agreement that he would reconvey upon demand. The Betts answer was a disclaimer. It admitted that the beneficial interest and title were in the MacRaes, or one of them, and expressed a willingness and desire to reconvey the land to the one the court should hold to be the owner. The evidence at the trial of that case disclosed that the land was patented to Thomas MacRae by the

United States as a desert entry and was his separate property; that he conveyed it to his wife, Katherine (plaintiff), for the purpose of defeating, delaying, and defrauding a creditor who had sued him for a considerable sum of money, and that thereafter the two of them joined in a deed conveying the land to defendant John H. Betts, Jr., in trust, for the same purpose and reason as against another creditor of Thomas MacRae. The trial court quieted the title in Thomas MacRae, and directed the Betts to convey the legal title to him. The plaintiff, Katherine V. MacRae, appealed, and in the Supreme Court, after a very full and careful consideration, it was decided the MacRaes were *in pari delicto* in the fraudulent conveyance to Betts, and that equity would not aid them, or either of them. We reversed the judgment and remanded the case to the lower court, with directions that it be dismissed. Concerning the transfer from the MacRaes to Betts, we said:

"Under our view of the law, the transfer to Betts is fraudulent on any theory, and both plaintiff and defendant were grantors therein. Had Betts stood on his deed, the trial court would necessarily have rendered judgment in his favor."

And concluded our opinion with the following comment and order:

"To ask a court of equity under these circumstances to determine in whom the equitable title is, and to lend its assistance to compel a transfer of the legal title, is to ask it to disregard the fundamental principles on which its jurisdiction is based. The parties will have to settle their difficulties among themselves without the aid of the equity jurisdiction of the courts of Arizona.

"The judgment of the trial court is reversed and the case remanded, with instructions to dismiss the action, each party to bear his own costs." *MacRae* v. *MacRae*, 37 Ariz. 307, 294 Pac. 280.

This action is the answer to our suggestion that "the parties will have to settle their difficulties among themselves without the aid of the equity jurisdiction of the courts of Arizona." In other words, the controversy as to who is the owner of said land and entitled to it or its value has been by this proceeding converted from a suit in equity into an action at law. The question involved is exactly the same as in the former action, except it seeks to recover damages for failure to reconvey, instead of the land itself, and drops Thomas MacRae entirely from the picture. Ordinarily, where *res judicata* or estoppel by judgment is set up as a defense, the questions are what facts were decided, or could appropriately have been decided therein, common to the subsequent action. Upon the answers to these questions the plea as a bar depends. It is said a judgment or decree upon the merits concludes the parties and privies to the litigation, and constitutes a bar to a new action or suit involving the same cause of action. 34 C. J. 742, § 1154. Also a fact or question which was actually and directly in issue in a former suit and was there determined is conclusively settled by the judgment therein, so far as concerns the parties and privies, and cannot again be litigated between them upon either the same or a different cause of action. This rule, says the text in 34 Corpus Juris 868, section 1282 "is simple and universally recognized in almost innumerable cases, the only difficulty or conflict being in its application to particular cases." The estoppel here, if there be one, is because in this action for damages a material fact or question is involved and necessary to plaintiff's case which was actually and directly in issue and determined adversely to the plaintiff in her former suit to quiet title.

What, indeed, was in issue and determined in the former suit? We look to the pleadings, the findings

of fact, the opinion and decree of the Supreme Court
to find the answer to that question. The judgment
of the trial court has become immaterial, for it was
reversed. The judgment or decree in the Supreme
Court is our guide as to what was determined. It
was there determined that the deed of September 6,
1922, from the MacRaes to John H. Betts, Jr., was
made to delay and defraud creditors of Thomas Mac-
Rae. The decree of dismissal is predicated solely
upon the ground that the evidence and findings con-
clusively show that the title deed relied upon by plain-
tiff was given her by Thomas MacRae, as was also
their joint deed to Betts, to defraud Thomas Mac-
Rae's creditors. It is said that the issue of fraud
was not in that case, and that the decree based
thereon is not an estoppel in the present case.

The rule is, as above indicated, that, when the
second case is upon a different cause of action, the
prior judgment or decree operates as an estoppel
only as to matters actually in issue, or points con-
troverted, upon the determination of which the judg-
ment or decree was rendered. *Baltimore Steamship
Co.* v. *Phillips*, 274 U. S. 316, 71 L. Ed. 1069, 47 Sup.
Ct. Rep. 600. It is true that fraud was not specifi-
cally pleaded, but in the course of the trial the facts
showing the fraud were elicited and became one of
the controlling issues in the case. Indeed, it seems to
us that such issue of fact was pertinent and material.
The capacity in which plaintiff took title to the land,
whether for a good or valuable consideration or to
conceal the property from creditors, as well as the
capacity in which she gave the deed to Betts, was cer-
tainly vital to plaintiff's case. Under the pleadings,
therefore, evidence of the purpose for which Thomas
MacRae deeded the property to plaintiff and the
purpose for which she and Thomas MacRae deeded
it to Betts was upon an issue directly involved.
Indeed, it was so treated by the parties thereto

on appeal, the plaintiff arguing the effect of the fraud in transferring title to Betts was fatal in a court of equity to defendant's right of recovery, and defendant contending that his acts under the law were not fraudulent because it later developed the persons whose claims he sought to defeat were not in fact creditors. If fraud was not in issue in the former case, this court was by both parties led to believe it was, and upon it and it only was the case dismissed.

It seems in the main the identical evidence would be necessary to make out the case for damages as in the action to quiet title. Plaintiff in both cases must prove ownership and by the same title deeds. Her right or claim against Betts in both actions is rooted in the deed of September 6, 1922. That deed, it has been determined by this court, was made for the purpose of defeating and defrauding the creditors of Thomas MacRae. The beneficial interest the plaintiff now seeks in the way of damages is dependent upon that deed as was the beneficial interest she sought to establish and quiet in the Pinal county case. The dropping of Thomas MacRae from this action as a party defendant does not remove from the case the reason the court refused to adjudicate the differences between the MacRaes and to direct Betts to reconvey title. That instrument, we have decided upon the findings of the lower court supported by proper evidence, was used by the plaintiff and her husband with the intent to conceal the property from creditors, and that decision or judgment is final as to that question. We said (*MacRae* v. *MacRae, supra*) :

"Under our view of the law, the transfer to Betts [by deed of Sept. 6, 1922] is fraudulent on any theory, and both plaintiff and defendant were grantors therein."

It is said in 15 Ruling Case Law 973, § 450:

" . . . It is equally well settled that a fact which has been directly tried and decided by a court of competent jurisdiction cannot be contested again between the same parties in the same or any other court, and that where some controlling fact or question material to the determination of both actions has been determined in a former suit, and the same fact or question is again at issue between the same parties, its adjudication in the first will if properly presented be conclusive of the same question in the latter suit, without regard to whether the cause of action is the same or not, or whether the second suit involves the same or a different subject matter, or whether or not it is in the same form of proceeding. In such cases it is also immaterial that the two actions were based on different grounds, or tried on different theories, or are instituted for different purposes, and seek different relief."

The effect of the decree in the former suit on plaintiff's present action cannot be evaded by the omission to make Thomas MacRae a party. In the Pinal county case, so far as she and Betts are concerned, the question was her right to have the property reconveyed to her by Betts. As to that question there were two parties, plaintiff and defendant Betts. In the present action for damages are the same parties. The element of identity of parties is present.

"It is not necessary that all the parties in the first suit should have been parties in the second. It is enough if all the parties in the second suit were parties in the first." *Carlton* v. *Price,* 121 Ga. 12, 68 L. R. A. 736, at page 749, 48 S. E. 721.

The subject matter and the issues concerning it are the same, to wit, ownership of the land, and plaintiff sues in the same capacity in both cases; that is, as the beneficial owner of the land. When these elements concur, as we said in *Snow* v. *Kennedy,* 36 Ariz. 475, 286 Pac. 930, the plea of *res judicata* is

made out. So long as plaintiff relies, or must rely, on the deed of September 6, 1922, to establish her rights, she is relying upon an instrument which we have determined in the former suit was executed and delivered by her to Betts to delay and defeat creditors of Thomas MacRae, and that decision and determination cannot be set aside or avoided by an action in different form by any party thereto. It is an estoppel as to that fact.

In the former suit we decided that the plaintiff's case had no merit; that we would have nothing to do with it, and, if we are to be consistent, it is necessary that we adhere to that decision. If plaintiff may maintain this action, we see no reason why Thomas MacRae may not also sue Betts for the land or its value in damages. If one may ignore the former adjudication, both may. We have decided that neither can, under the facts and circumstances, recover from Betts, and that the parties must settle their differences among themselves.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.