[Civil No. 4276. Filed April 14, 1941.]

[112 Pac. (2d) 213.]

LILLIAN MacRAE, as Administratrix With the Will Annexed of the Estate of Thomas MacRae, Deceased, Appellant, v. KATHERINE V. MacRAE; MOORE, ELLIOTT AND SHIMMEL, a Copartnership Engaged in Practice of Law and Practicing Law and Doing Business Under Firm Name and Style of MOORE, ELLIOTT AND SHIMMEL, and Consisting of JAMES R. MOORE, H. A. ELLIOTT and BLAINE B. SHIMMEL; JAMES R. MOORE and His Wife, MARY D. MOORE; BLAINE B. SHIMMEL and His Wife, HELEN W. SHIMMEL; H. A. ELLIOTT; ELIAS M. ROMLEY and His Wife, MARGARET P. ROMLEY; JOHN H. BETTS, JR., and His Wife, EDNA D. BETTS, Appellees.

Mr. John J. McCullough, for Appellant.

Messrs. Moore & Romley, for Appellees.

LOCKWOOD, C. J.—This is an action by Lillian MacRae, as administratrix with the will annexed of the estate of Thomas MacRae, deceased, hereinafter called plaintiff, against Katherine V. MacRae, hereinafter called defendant, and other defendants whom we will name as necessary, to set aside various judgments and deeds, and to declare that certain real estate belongs to the estate of Thomas MacRae, deceased.

The property involved has been before us in two previous appeals, *MacRae* v. *MacRae,* 37 Ariz. 307, 294 Pac. 280, and *MacRae* v. *Betts,* 40 Ariz. 454, 14 Pac. (2d) 253. This court takes judicial notice of its own records. *Stewart* v. *Phoenix Nat. Bank,* 49 Ariz. 34, 64 Pac. (2d) 101. Considering the records of these two and the present case, the facts necessary for a determination of this appeal may be stated as follows. On March 30, 1920, Thomas MacRae, the deceased, and defendant Katherine V. MacRae were married at El Paso, Texas. At that time deceased was the equitable owner of the real estate in question under the land laws of the United States, and afterwards became the legal owner through the issuance of patent. On July 1, 1921, he conveyed it by warranty deed to

defendant as her sole and separate property. Thereafter defendant conveyed the property to one Betts. Both these deeds were made with the actual intention on the part of both Thomas and Katherine V. MacRae to hinder and defraud creditors. The emergency having passed, an action was brought to compel a reconveyance by Betts, each of the MacRaes claiming the property. We held in *MacRae* v. *MacRae, supra,* that neither of the MacRaes came into equity with clean hands, and refused to act, leaving the title in Betts. Thereafter defendant brought suit against Betts for damages, on the theory that he had agreed to convey the property to her and refused to do so. Basing our opinion on the previous case, we held that the suit was merely an attempt to ''whip the devil around the stump'' and refused to grant any relief to plaintiff in that action. The effect of this was to leave the legal title still in Betts.

Before the decision of this court in the case of *MacRae* v. *MacRae,* and on October 11, 1929, the firm of Moore, Elliott & Shimmel, who had represented defendant herein in that case, took her note for $5,000, which was the agreed value of their services, and a realty mortgage signed by her on the property involved herein. On February 13, 1933, and after the decision in *MacRae* v. *Betts, supra,* suit was brought to foreclose such mortgage, defendant and Betts being parties thereto. On March 11, 1934, judgment was rendered against defendant on the note and the mortgage was foreclosed and the property sold under sheriff's sale and a certificate issued to Elias Romley, who at that time was a partner of James R. Moore, the head of the firm of Moore, Elliott & Shimmel. Romley thereafter sold the certificate of sale to Moore & Shimmel, and sheriff's deed was duly issued to them on December 9, 1935. Moore deeded his interest to Shimmel on December 23, and on February 9, 1936,

Shimmel deeded it to defendant herein, the property thus having gone the rounds and the apparent legal title eventually returning to defendant Katherine V. MacRae.

Whether because of these mutual suits or for other reasons, Thomas MacRae and Katherine V. MacRae were divorced on March 31, 1930, the latter being, as she had been since 1921, in the actual physical possession of the property in question. There was no adjudication in the divorce proceeding of the rights of deceased and defendant in the property.

Plaintiff herein and deceased were married on or about April 10, 1937. A short time prior to his death, which occurred on October 23, 1937, he delivered and conveyed to plaintiff real and personal property of the reasonable value of $20,000, including $7,000 in money and $5,000 in United States bonds. By the reason of these transfers he became insolvent. He left a will making plaintiff the sole legatee and devisee of his estate which, as we have said, as a result of the transfers amounted at his death to nothing, and she was granted letters of administration thereon. Thereafter she filed this action, alleging that the original conveyance from Thomas MacRae, the deceased, to defendant herein was void as against creditors of the estate, for the reason that such estate was insolvent, and seeking to subject it to the claims of the creditors. The only creditor of the estate was herself, and she claimed to be such for $582.04 which she had disbursed in payment of the expenses of the last illness and funeral of the deceased, and for some $4,350 of family allowance. These facts are undisputed.

The question of whether there was a consideration for the transfer from deceased to plaintiff of all of his assets was in dispute, plaintiff claiming that it was by virtue of an antenuptial agreement in consideration of marriage. This claim was supported

only by her own oral testimony to that effect. The trial court, in its findings, held that there was no such agreement, evidently refusing to credit her testimony, as it had the right to do. *Davis* v. *Industrial Comm.*, 46 Ariz. 169, 49 Pac. (2d) 394. It is upon this state of facts that plaintiff claimed she was a creditor of the estate of Thomas MacRae who is entitled to have the property brought into his estate through her action as administratrix with the will annexed, on the ground that the estate was insolvent. Section 38-1107, Arizona Code 1939.

██ The defendant raised many defenses to the action, but we think we need consider only one. It is a cardinal rule of equity that he who comes into a court of equity seeking equitable relief must come with clean hands. If there are any equitable rights involved in this action as a result of all of the transactions above set forth, except that of Moore, Elliott and Shimmel to receive compensation for their services from defendant Katherine V. MacRae, and if there are any clean hands to be found therein, we are unable to discover them. The trial court found affirmatively that plaintiff did not come into court with clean hands, and with this finding we most heartily concur. The fact that defendant's hands may have been equally soiled is of no aid to plaintiff in an action of this kind.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.