360 P.2d 481

**Paula HASSENPFLUG, Appellant,**

v.

**Henry Wayne HART and Dorothy Hart, husband and wife, and Robert Hart, Appellees.**

No. 6694.

Supreme Court of Arizona.

March 15, 1961.

Modified on Denial of Rehearing
April 26, 1931.

James J. Cox, Jr., Phoenix, for appellant.

F. Britton Burns, S. Paul Ferrin, and George Welch, Jr., Phoenix, for appellees.

Ryley, Carlock & Ralston, Phoenix, for amici curiae.

E. R. THURMAN, Superior Court Judge.

Action by Paula Hassenpflug, plaintiff, in the court below for specific performance of a contract of sale of certain real property being Lot 186, Ingleside Club Tract in Maricopa County. From a judgment in favor of defendants, plaintiff appeals.

The material facts established that on June 7, 1955, the plaintiff and the defendants entered into an agreement entitled "Escrow Instructions to Lane Title & Trust Company." By the terms of the agreement the plaintiff agreed to buy and defendants to sell a lot, the real property here in controversy for $2,000 to be paid by the plaintiff by September 7, 1955. The escrow instructions provided that the buyer (plaintiff) was to have immediate possession of the premises.

Plaintiff was given the immediate possession of the premises and on the day after the execution of the contract she entered into a building contract for the construction of a residence at an agreed price of $10,000. The construction company had much of the work done when bad weather further interrupted the work and this was followed by a strike, all of which delayed construction of the building.

On September 8, 1955, plaintiff being in default under the escrow agreement, defendants gave written instructions to the escrow holder to be served on the plaintiff notifying her that the contract would be cancelled in 13 days thereafter. However, the parties entered into a supplemental agreement for the consideration of $500 wherein it was agreed that the date of payment was extended from the 7th day of September, 1955 to the 7th day of October, 1955.

Plaintiff asserts that she informed the defendants at the time of the execution of the original contract that she intended to construct a dwelling upon the lot. This is denied by defendants. However, at the time of the supplemental agreement defendants knew that plaintiff was constructing a residence thereon.

When the extension of time had expired, defendants caused a further notice of cancellation to be sent to the escrow holder. As a result, defendants' deed held in escrow by the title company was returned and the escrow closed. Subsequently, on January 15, 1956, defendants took possession of the premises. At that time and to the time of the trial, plaintiff had paid nothing on the construction of the house.

It is the contention of the plaintiff that the forfeiture of her interest in the real

estate falls within the purview of A.R.S. § 33–741. This section provides:

"§ 33–741. Forfeiture of interest of purchaser in default under contract for conveyance of real property

"A. Forfeiture of the interest of a purchaser in default under a contract for conveyance of real property may be enforced only after expiration of the following periods after the default:

"1. When the purchaser has paid less than twenty per cent of the purchase price, thirty days.

"2. When the purchaser has paid twenty per cent, or more, but less than thirty per cent of the purchase price, sixty days.

"3. When the purchaser has paid thirty per cent, or more, but less than fifty per cent of the purchase price, one hundred and twenty days.

"4. When the purchaser has paid fifty per cent, or more, of the purchase price, nine months."

However, it does not appear to the Court that plaintiff's contention is well founded for as pointed out, at no time has she paid any sum or sums whatsoever toward the purchase price of the real estate. The quoted statute does not apply for it is contemplated that some percentage of the purchase price must have been paid. Since no part of the purchase price has been paid, there is no interest of the plaintiff which demands protection under the statute.

The essence of plaintiff's further argument is that since she has become liable on the construction contract for the improvements, the action of the court below in failing to grant specific performance works a penalty and forfeiture and arrives at an inequitable result. In support of her contention she cites Marshall v. Patzman, 81 Ariz. 367, 306 P.2d 287, and many cases holding that if a vendee has made substantial improvements in reliance on a contract, relief will be granted. To the general principle we are not in disagreement but we believe the cases cited can be differentiated from the case here.

Basically, plaintiff engaged in a real estate promotional venture. While the escrow was pending she planned on building a house on the premises, selling the house and lot at a profit and to pay for them from the proceeds. By such a gamble she, without having invested a penny, expected to reap a profit. Plaintiff's testimony indicates that she had successfully accomplished the same gamble on numerous occasions.

The granting of relief against forfeiture is usually considered discretionary. The controlling principal being that it will be granted where, and only where, it is equitable under the circumstances. Plaintiff argues that she has incurred liability to the building contractor for payment of the

cost of constructing the house and that a forfeiture works a hardship and it is therefore equitable that she be given relief. In the instant case, we do not believe the facts warrant finding an abuse of discretion by the trial judge. While it is true that legally plaintiff is liable on her contract with the building, it is likewise true that under the Arizona Lien Laws, A.R.S. § 33–981, plaintiff by her conduct has caused the property to become responsible for the labor and material liens. Penalty for nonpayment of such liens by the owner of the premises is a forced sale to satisfy the lien obligations.

■■ In the present case, while the fact is disputed, the court presumably could have believed that defendant owners of the lot were not advised of her intentions to construct a dwelling thereon. Equity does not demand that a plaintiff be relieved of a contract entered with knowledge of the responsibilities assumed thereunder, which is in effect a gamble on inflationary trends, when, if the gamble is lost, the opposite party may have to suffer the loss. Not only does equity aid those who come into court with clean hands, MacRae v. MacRae, 57 Ariz. 157, 112 P.2d 213, but equity does not relieve a party from a bargain because it is hard or unprofitable. 19 Am.Jur. 57, § 29.

The judgment of the court below is affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS, and LOCKWOOD, JJ., concurring.

NOTE: The Honorable CHARLES C. BERNSTEIN being disqualified in this matter, Judge E. R. THURMAN was called to sit in his stead.

On Motion for Rehearing

PER CURIAM.

■ On motion for rehearing, counsel for both appellant and amici curiae seriously question the statements in the opinion that:

"While it is true that legally plaintiff is liable on her contract with the builder, it is likewise true that under the Arizona Lien Laws, A.R.S. § 33–981 plaintiff by her conduct has caused the property to become responsible for labor and material liens. Penalty for nonpayment of such liens by the owner of the premises is a forced sale to satisfy the lien obligations." [360 P.2d 483.]

The statements were unnecessary in order to reach the ultimate conclusion. They are ordered deleted and in lieu the following is substituted:

"Hardship is not alone to be found in the plaintiff's case. By her conduct defendants have been compelled to engage in litigation to protect their interest in the property."

The opinion as thus modified is in all other respects approved and the motion for rehearing is denied.