DWAINE FISHER *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF ALEDO, Defendant-Appellee.

(No. 74 85;

Third District—October 24, 1974.

David J. Mason, of Aledo, for appellants.

Peter Fieweger, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment entered in the Circuit Court of Mercer County, in which the court found appellants Dwaine and Bonnie J. Fisher contributorily negligent and dismissed the action of appellants as against the City of Aledo.

The Fishers sought recovery for damages sustained to certain rental property located in Aledo, as a result of the breaking of water pipes which caused water to escape and damage the premises on or about January 1, 1972. Appellants allege that the damage was occasioned by reason of water in the unheated pipes and that the negligent failure of the city to terminate the water service to the building, after the city had previously terminated the gas service in the building, was the cause of the damage and entitled appellants to a recovery.

At the close of the case presented by appellants in the bench trial, appellee moved for a finding under section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 64(3)), which provides:

> "(3) In all cases tried without a jury, defendant may, at the close of plaintiff's case, move for a finding, judgment or decree in his favor. In ruling on the motion the court shall weigh the evidence. If the ruling on the motion is favorable to the defendant, a judgment or decree dismissing the action shall be entered. If the ruling on the motion is adverse to the defendant he may proceed to adduce evidence in support of his defense, in which event the motion is waived."

The court found that the appellants were contributorily negligent but made no express finding as to fault or negligence as to appellee.

The record indicates that appellants had received gas and water service for the rental property from the City of Aledo. On November 22, 1971, appellants requested the City to terminate both services. The gas service was promptly terminated, and notice of such termination was forwarded to appellants by means of a final bill with a handwritten notation "Shutoff and sealed 11-23-71." Neither a final bill nor other notification of termination of the water service was sent to appellants since termination was never accomplished for the reasons hereinafter noted. Appellant Dwaine Fisher had occasion to visit the premises 4 or 6 times between the time of the request to terminate and the discovery of the damage. He made no attempt to ascertain whether or not the water service had been terminated. The city established that its failure to shut off the water resulted from the fact that the only water valve known to the city was in the basement apartment of the structure. The door to the downstairs apartment was locked and vacant so that no entry was possible. No such problem existed with respect to the gas, since the valves were located outside the building. The city representatives were unaware of an outdoor water valve which was not visible due to a growth of foliage on its underground location.

■■■ On appeal in this court, appellants deny that they were guilty of negligence. The parties agree that under the law of this State plaintiffs cannot recover if appellants were guilty of negligence contributing to the damage or injury. It is also clear that if the finding made by the trial court that plaintiffs were guilty of contributory negligence is supported by sufficient evidence, the dismissal by the trial court was proper. On a bench trial, the trial court sits as a trier of fact and can weigh the evidence and determine the credibility of the witnesses. His findings under such circumstances are entitled to great weight on appeal and should not be set aside unless clearly against the manifest weight of the evidence. *Drovers National Bank v. Ferrell*, 14 Ill.App.3d 389, 302 N.E.2d 417 (1973).

■■■ Appellants contend that the judge may not find contributory negligence unless the evidence viewed in the light most favorable to plaintiff is so overwhelming that no other finding could stand. This is not the law and is a misinterpretation of the *Pedrick* rule (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504) which is not applicable to the issue before us. As indicated in *Drovers* (14 Ill.App.3d at 393):

"* * * The trial court when sitting without a jury must *not* consider the evidence in a light most favorable to plaintiff; it must

weigh the evidence including any evidence favorable to defendant. [Citation.] Furthermore, a reviewing court must not reverse a trial court's ruling on such a motion unless the ruling is manifestly erroneous. [Citation.]"

There was sufficient evidence in the cause before us to establish that appellants were contributorily negligent in that they failed to act as prudent individuals would under the same circumstances and that such behavior was a proximate cause of the damage sustained.

Dwaine Fisher admitted he had visited the premises a number of times after the order to terminate but did not ascertain whether or not the water was turned off. He knew the gas service had been terminated and, although he did not receive any notification as to the water service he did nothing to determine whether the water had been turned off. He admitted that the door was locked so that access to the downstairs apartment was not possible to the city representatives.

We do not believe we would be justified in finding that the determination of the trial court was against the manifest weight of the evidence in its finding that appellants were guilty of contributory negligence.

For the reasons stated, therefore, the action of the trial court in entering the order of dismissal is affirmed.

Order affirmed.

STOUDER and DIXON, JJ., concur.