Pragob Tunprasert, Plaintiff-Appellant, v. Ronald G. Prince et al., Defendants-Appellees.

(No. 74-398;

Fifth District—November 18, 1975.

Bernard Arthur Paul, of Marion, for appellant.

Mitchell and Schoen, of Carbondale, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiff, Pragob Tunprasert, from a judgment entered for the defendant insurance company, State Farm Mutual Automobile Insurance Company, by the circuit court of Williamson County in plaintiff's action for a declaratory judgment. Plaintiff had prayed for a declaration that on January 21, 1972, there was in effect an automobile insurance policy issued by the defendant insurance company covering liability for an automobile owned and operated by Ronald G. Prince, hereinafter referred to as defendant Prince.

The issue presented on appeal is whether the policy of automobile

liability insurance issued by the defendant insurance company to the defendant Prince was effectively canceled for nonpayment of policy premiums prior to January 21, 1972.

It appears from the record that on October 21, 1971, the defendant Prince applied for a policy of automobile liability insurance from the defendant insurance company. The policy of insurance was to be in force for a period of six months beginning October 21, 1971. The premium for the policy of insurance was to be in two installments; the first installment being in the amount of $40 and the second installment being in the amount of $45.40. It appears that when the defendant Prince applied for the policy of insurance, he tendered his personal check in the amount of the first installment. That check was deposited and again redeposited by the defendant insurance company and both times was dishonored by the drawee bank.

· Evidence produced by the defendant insurance company indicates that on January 4, 1972, it mailed notice to the defendant Prince that the insurance policy would be canceled effective January 16, 1972, for nonpayment of premiums. The defendant Prince testified that he received no such notice. The evidence further indicates that on January 16, 1972, the defendant insurance company notified a lienholder on the automobile owned by the defendant Prince that the collision insurance coverage in favor of the lienholder would be canceled effective January 31, 1972.

On January 21, 1972, the defendant Prince was involved in an automobile collision which allegedly caused damage to the plaintiff.

Although we find it difficult to correlate the cases cited by the plaintiff in his points and authorities to the issues raised in his argument, it appears that the plaintiff's argument can be condensed into two categories: first, that the decision of the court is against the manifest weight of the evidence and second, that the defendant insurance company is bound by the termination date set forth in its notice of cancellation to the lienholder. We find both the arguments without merit.

Regarding the cases cited by the plaintiff in support of the proposition that a notice of an intention to cancel a policy is not in itself a cancellation and the cases cited in support of the proposition that an insurer's cancellation notice dated after the accident occurred constituted an admission by the insurer that the policy was in force up to the date of cancellation given by the notice, it is our opinion that those propositions are not supported or based on the evidence, are not relevant to the issues in this case and, hence, do not require our consideration.

■■ Regarding the issue implied in the plaintiff's brief that the decision of the trial court was against the manifest weight of the evidence,

it appears that the court was confronted with an issue of fact as to whether the defendant Prince had failed to pay the premium and, if so, whether the defendant insurance company complied with the statutory requirements of cancellation. The court resolved those issues in favor of the defendant insurance company. Having fully examined the record herein we find the testimony and exhibits offered and accepted in evidence by the trial court sufficient to support that finding and, therefore, that finding will not be disturbed by this court on appeal. *Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 352, 356, 226 N.E.2d 624; *Brown v. Zimmerman*, 18 Ill.2d 94, 102, 163 N.E.2d 518; *Fisher v. City of Aleda*, 23 Ill. App.3d 190, 192, 318 N.E.2d 305; *Austin Liquor Mart, Inc. v. Department of Revenue*, 18 Ill.App.3d 894, 904, 309 N.E.2d 406; *General Casualty Co. v. Elam*, 8 Ill.App.3d 215, 219, 289 N.E.2d 699.

■■ Regarding the plaintiff's contention that the notice given to the defendant Prince was a twelve-day notice rather than a ten-day notice as provided by statute, we note that the statute provides for "* * *" at least ten days' notice of cancellation * * *." A twelve-day notice is certainly in compliance with this statutory requirement (Ill. Rev. Stat. 1971, ch. 73, par. 755.1b). Likewise, the fact that the defendant insurance company mailed a subsequent notice to a lienholder to the effect that the insurance coverage in favor of that lienholder would be canceled on a date different than the effective date of the cancellation mailed to named insured cannot be construed to extend the date of cancellation insofar as the named insured is concerned. We find no relationship between the two separate notices which would in any way benefit the named insured, defendant Prince.

For the foregoing reasons the judgment of the circuit court of Williamson County, Illinois, is affirmed.

Judgment affirmed.

KARNS and G. MORAN, JJ., concur.