749 P.2d 918

**Anna M. HOLGUIN, a minor, By and Through her next best friend, Anita HOLGUIN, Plaintiffs/Appellants,**

v.

**AETNA CASUALTY AND SURETY INSURANCE COMPANY, a Connecticut Corporation, Defendant/Appellee.**

**No. 2 CA-CIV 5737.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 23, 1986.

As Amended Oct. 29, 1986.

Reconsideration Denied Dec. 5, 1986.

Review Denied Jan. 12, 1988.

---

Norman R. Freeman, II, Tucson, for plaintiffs/appellants.

Donald Estes, Tucson, for defendant/appellee.

## OPINION

BIRDSALL, Judge.

This is an appeal from judgment in favor of appellee Aetna Casualty and Surety Company (Aetna) in an action for breach of contract and bad faith failure to settle. Following a court trial, the court entered findings of facts and conclusions of law holding that the Aetna insurance policy at issue was not in effect at the time of the accident. We agree with the trial court and affirm.

The necessary facts are as follows. In October 1980, Aetna issued an automobile policy to David Kipnis to cover his new Datsun 280ZX. In March 1981, Aetna notified the insured that the renewal premium on the automobile policy was due and payable. Kipnis failed to respond to that premium notice. Aetna sent a follow-up renewal notice on April 11, 1981, informing Kipnis that his policy had expired as of April 1, 1981, but offering to reinstate coverage back to April 1, 1981, if Aetna received the necessary renewal premium on or before May 1, 1981. Payment was not received by Aetna by May 1, 1981. On May 18, 1981, Aetna sent notice to the Arizona Bank as lienholder and loss payee under the policy to the effect that all coverage under the policy would lapse as of May 28, 1981.

On May 11, 1981, Kipnis struck and seriously injured Anna Holguin while driving the Datsun. Appellants then filed suit against Kipnis. Kipnis tendered defense of the litigation to Aetna, who refused to defend stating that the insurance policy had lapsed for nonpayment of premiums as of April 1, 1981. Aetna refused to settle with appellants prior to trial for the same reason. On June 9, 1982, Kipnis entered into an assignment of claims under the policy and a covenant not to execute with the appellants. Judgment was entered against Kipnis on June 11, 1982.

Subsequently, appellants sued Aetna for breach of contract and bad faith failure to settle. Judgment was entered in favor of Aetna on January 13, 1986 and this appeal followed.

■ Appellants argue that Kipnis was insured at the time of the accident even though Kipnis had been informed that his coverage had lapsed as of April 1, 1981. Appellants claim that when Aetna notified the Arizona Bank as the lienholder on the Datsun that all coverage under the policy would terminate as of May 28, 1981, Aetna in effect extended Kipnis' entire policy, including the liability portions. Appellants cite *Carlisle v. American Automobile In-*

*surance Co.,* 229 La. 717, 86 So.2d 683 (1956) in support of their contention.

This case is factually dissimilar to *Carlisle.* In *Carlisle,* the plaintiff had been notified that his automobile insurance policy had been cancelled pursuant to the policy's cancellation provision. The insurance company simultaneously notified the chattel mortgagee of the cancellation of the plaintiff's insurance. The plaintiff's insurance agent subsequently notified the lienholder that the company would continue coverage until the company worked out its problems with the plaintiff. The Louisiana Supreme Court held that the second letter to the lienholder-bank constituted a reinstatement of the plaintiff's policy, thus bringing plaintiff's claim of loss within the policy.

In the instant case, Kipnis' policy was not cancelled by the act of the insurer, but rather automatically terminated for nonpayment of premiums. The insured, Kipnis, was given notice on March 9, 1981, that his policy would terminate for nonpayment of premiums on April 1, 1981. On April 11, 1981, a follow-up notice was sent advising Kipnis that he was uninsured as of April 1, 1981, but allowing Kipnis until May 1, 1981, to pay the premium. When no premium was received as of May 1, 1981, Aetna's computer system registered Kipnis' policy as terminated on May 7, 1981. Under the terms of the policy, Aetna was obligated to give the loss-payee, in this instance the lienholder, the Arizona Bank, the same notice given to the insured upon termination. The insured was given the notice required under the policy. When it became clear that the insured was not going to accept Aetna's offer to renew the policy, Aetna then gave the notice required by the policy to the loss-payee. Thus, the loss-payee's ten-day notice was given on May 18, 1981. Kipnis received no further communication concerning the Datsun policy from Aetna.

The notice sent to the Arizona Bank as loss payee in the instant case differs substantially from the notice sent to the lienholder in *Carlisle v. American Automobile Insurance Co.* In *Carlisle, supra,* the insurance company notified the lienholder bank that the insured's policy was extended until the insurer could work out its problems with the insured. In the instant case, the insurer's letter to the lienholder-bank made no such sweeping pronouncement. The notice served merely to acquaint the lienholder-bank that its interest would be unprotected within ten days. The notice to the Arizona Bank in no way served to extend all policy coverage until May 28, 1981. *See Tunprasert v. Prince,* 33 Ill.App.3d 710, 342 N.E.2d 244 (1975).

Appellant argues further that Aetna is estopped from denying coverage because it accepted a late premium payment and induced Kipnis' reliance on the existence of insurance when it notified the Arizona Bank of the May 28, 1981 expiration date. Neither argument is supported by the record nor by the applicable case law.

The trial judge found as a fact that Aetna did not accept late payments on the Datsun policy. On May 11, 1981, Kipnis mailed a check dated May 7, 1981 to Aetna and designated it as payment toward both the Datsun policy and another auto policy past due but still in force. Aetna credited the proper amount toward the existing policy and returned the balance to the local Aetna office in the form of a check made payable to either Aetna or Kipnis.[1] Thus it is clear that Aetna did not

---

1. The check returned by Aetna for the balance of Kipnis' May 7th payment and the cover letter concerning Aetna's actions regarding that check were marked for identification but not offered, and therefore not formally admitted into evidence at trial. However, we take judicial notice of records in other appellate proceedings in this case. *See MacRae v. MacRae,* 57 Ariz. 157, 112 P.2d 213 (1941); *Sims Painting Co. v. Kerby,* 56 Ariz. 130, 106 P.2d 197 (1940). Appellants filed a special action with this court (2 CA–SA 0238, May 9, 1985) to which they attached copies of both Aetna's letter and the return check. Appellants relied on the veracity of these documents when they sought relief from the lower court's action by their petition for special action. Appellants cannot now argue that this court has no evidence before it upon which it can rely in deciding that Aetna did not accept the May 7th check as payment on the Datsun policy.

Although the trial court would have been hard pressed to find as it did without these documents or direct testimony, the same judge did have the exhibits and an affidavit before him

accept the late May 11th payment as a renewal payment on the Datsun policy. Additionally, even if Aetna can be seen to have accepted late premium payments on the Datsun policy while it was in effect, Aetna is not then estopped from refusing to accept a late renewal payment. As our supreme court has stated:

> [A] company can, by accepting delinquent payments on an existing policy, be estopped, either by the policy or its conduct, from imposing the late payment as a bar to coverage. The renewal of a policy is a different matter. The insured must follow the specific provisions of the policy concerning renewal.

*Sereno v. Lumbermens Mutual Casualty Co.*, 132 Ariz. 546, 548, 647 P.2d 1144, 1146 (1982).

Under the terms of the policy at issue here, coverage would automatically terminate at the end of the current policy period if Kipnis failed to accept Aetna's offer to renew the policy. The renewal notice dated March 9, 1981, constituted an offer by Aetna to renew Kipnis' Datsun policy. In order to accept, Kipnis had to mail the renewal payment by April 1, 1981. Kipnis failed to do so. Aetna extended the time for acceptance to May 1, 1981 by a notice mailed April 11, 1981. In that notice Kipnis was informed that his policy had expired as of April 1, 1981, the date by which Kipnis was to have accepted Aetna's renewal offer. By attempting to accept the renewal on May 7, 1981, Kipnis failed to accept the offer in a timely manner. The policy automatically terminated on April 1, 1981. *See Sereno v. Lumbermens Mutual Casualty Co., supra.*

The insured's policy had terminated for nonpayment of premiums on April 1, 1981. Kipnis had received more than ten days notice prior to the termination of the policy for nonpayment of premiums. The separate notice to the lienholder notifying it of the lapsed policy was no more than that required by the terms of the policy, and did not serve to extend all coverage under the policy until May 28, 1981.

Judgment in favor of appellee is affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.

---

when the appellant moved for partial summary judgment sometime prior to trial of the case. The denial of that motion was the ruling from which relief was sought in the special action. It was the appellants' burden to prove the estoppel. With knowledge of the documents, the trial court could not have found the claimed estoppel without disregarding the undisputed facts.