828 P.2d 1242

**MID–CENTURY INSURANCE COMPANY OF LOS ANGELES, CALIFORNIA, Plaintiff/Appellee/Cross–Appellant,**

v.

**Vernon DACE and Gloria Dace, husband and wife; and Virginia M. Lee, guardian for Vernon Dace, Defendants/Appellants/Cross–Appellees.**

No. 2 CA–CV 91–0021.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 29, 1991.

Reconsideration Denied Jan. 15, 1992.

Review Denied May 19, 1992.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for Plaintiff/Appellee/Cross–Appellant.

Haralson, Kinerk & Morey, P.C. by Carter Morey, Tucson, for defendants/appellants/cross-appellees.

OPINION

FERNANDEZ, Judge.

The trial court found that appellee Mid–Century Insurance Company's insured Linda Hanson had coverage for an accident in which she seriously injured appellant Vernon Dace. The court found Mid–Century liable, however, only for the $50,000 policy limit rather than for the $1.9 million judgment Dace obtained against Hanson. Dace appeals, arguing that Mid–Century is liable for the full amount of the judgment. Mid–Century cross-appeals, arguing that the court erred in finding that Hanson had insurance coverage for the accident. We agree with Mid–Century and reverse.

Linda and William Hanson applied for insurance coverage from Mid–Century in June 1985. The policy that was issued listed William Hanson as the named insured, but the application form and the

forms for uninsured and underinsured motorist coverage were all signed by Linda. The agent testified that the couple had requested that William be listed as the named insured. The policy covered two vehicles, one listed as being 100% driven by William and the other as being 100% driven by Linda. Both vehicles were titled in William's name. The policy was paid monthly.

The Hansons separated in April 1986. In May 1986, William informed the insurance agent of a change of address, giving the agent his new address only. In November he had a minor accident and spoke to the agent on the phone. In the course of the conversation, he told the agent that he and Linda were separated. Also in November, William gave the company another change of address; again, it was his address only.

William testified at his deposition that, pursuant to a court order resulting from the separation, he was required to pay for Linda's car insurance. Neither William nor Linda informed Mid–Century of that order. In April 1987 he purchased new coverage for the car he drove from a group policy obtained through his employment and stopped paying on the Mid–Century policy. He testified that he told Linda to obtain new insurance on her vehicle but admitted that she never asked him to pay for new coverage. Linda denied that William had told her to purchase new coverage. Mid–Century sent the required statutory notices to William at his new address in May 1987, both when the premium payments ceased and after the statutory period for cancellation had expired.

On August 1, 1987, Linda had an accident in which Vernon Dace suffered permanent brain damage. Linda discovered three weeks later that William had let her car insurance coverage lapse. Dace and his wife sued the Hansons. Mid–Century refused to defend the lawsuit on the ground that the policy had been cancelled for nonpayment of premiums. Dace later offered to settle for the policy limit of $50,000, but Mid–Century refused the offer. Dace then entered into an agreement with the Hansons pursuant to *Damron v. Sledge*, 105 Ariz. 151, 460 P.2d 997 (1969).

The Hansons agreed to the entry of judgment against them in exchange for the Daces' agreement to seek recovery only from Mid–Century. The trial court then entered judgment against the Hansons for $1.9 million.

Meanwhile, Mid–Century filed this declaratory judgment action against the Hansons and the Daces, seeking a declaration that there was no coverage under the policy. After reviewing the depositions and documentation from the insurance agent's file, the trial court concluded that Linda Hanson was a named insured under the policy and that Mid–Century had been required to give her notice of cancellation as well. Because she was not given notice, the court concluded that the cancellation was ineffective as to her. The court then determined that Mid–Century was liable only for the policy limit because it had not acted in bad faith in deciding that the policy afforded no coverage for Linda's accident.

## CROSS–APPEAL ON EXISTENCE OF COVERAGE

We address the cross-appeal issue first. Mid–Century argues that its notice of cancellation was binding on Linda because it gave the required statutory notices to the only named insured on the policy at the last address he had given the company. Pursuant to A.R.S. § 20–1632, an insurer is required to send a notice of cancellation to "the named insured" by certified mail or post office certificate of mailing at least ten days before the effective date of the cancellation. In addition, when a policy is cancelled for nonpayment of premium, the insurer is required to mail "the policyholder" a notice of cancellation by first class mail, to take effect on the date of mailing. A.R.S. § 20–1632.01. Neither term is defined in the statutes or in the policy at issue. The policy does provide that " 'you' and 'your' mean the 'named insured' shown in the Declarations and spouse if a resident of the same household."

Mid–Century has cited us four cases in support of its contention that it was not obligated to give Linda notice, none of

which is of assistance to us. In *Government Employees Insurance Co. v. Superior Court,* 27 Ariz.App. 219, 553 P.2d 672 (1976), this court held that an insurer's cancellation of a policy is valid if the insurer proves that it sent the statutory notice; the company is not required to prove that the insured received the notice. That holding, however, does not address the question of whether Mid–Century was required to send notice to Linda. In *Holguin v. Aetna Casualty & Surety Insurance Co.,* 156 Ariz. 9, 749 P.2d 918 (App.1986), we held that the insurer's statutory ten-day cancellation notice to a lienholder several weeks after statutory notice had been sent to the insured did not serve to extend the cancellation date of the policy beyond the effective date shown in the insured's notice. Again, that ruling does not address the issue presented here.

In *DeTemple v. Southern Insurance Co.,* 154 Ariz. 79, 740 P.2d 500 (App.1987), Division One of this court found that the insured's payment of a premium three days after the date required by the company's renewal notice (and one day after an accident occurred) constituted only a counteroffer of the company's offer to renew and did not serve to extend the coverage through the date of the accident. Those are not the facts here. In *State Farm Mutual Automobile Insurance Co. v. Long,* 16 Ariz. App. 222, 492 P.2d 718 (1972), Division One ruled that a wife who had authority from her husband to renew an automobile insurance policy did not thereby also have authority to cancel coverage on a car driven by her husband. Mid–Century contends that because both the husband and wife were named insureds on the policy in that case, unlike this one, the trial court was precluded from finding that Linda was a named insured. Although the couple's listing as named insureds was a factor in that decision, the holding is also based on agency principles. It is not dispositive of the issue here.

■ The trial court in its ruling noted that the agent testified that he considered Linda to be a named insured as well. The court also considered important the agent's testimony that he may have known William and Linda were separated. The agent's opinion on such a matter, however, cannot be dispositive in interpreting the terms of a contract.

■ Findings of fact by the trial court are binding upon this court "unless they are clearly erroneous or unsupported by any credible evidence." *Imperial Litho/Graphics v. M.J. Enterprises,* 152 Ariz. 68, 72, 730 P.2d 245, 249 (App.1986). We conclude that the findings in this case are clearly erroneous.

The applicable declarations page in this case lists William A. Hanson as the named insured. The address shown is the address that William gave the agent in November 1986. The address was that of William's residence. The effective dates of the policy were January 29, 1987 to June 14, 1987.

The policy provides that the company may cancel for nonpayment of premium "by mailing notice to you at the address shown in the Declarations." That is precisely what the company did. Because Linda was no longer a resident of William's household at the time the notice was sent, she was no longer a "you." We find no requirement in the policy provisions that the company also send her a notice. Moreover, we find it significant that William and Linda requested that the agent list William as the named insured and that there is no evidence Mid–Century knew Linda's address at the time it cancelled the policy.

We agree, therefore, that the policy was effectively and properly cancelled by Mid–Century's notice to William and that there was no coverage for Dace's accident. Having determined that there was no coverage, we need not address the Daces' argument on appeal that they are entitled to recover the full amount of their judgment from Mid–Century.

Reversed.

ROLL, P.J., and HATHAWAY, J., concur.