Oliver C. Sutton, J.
This case presents the question of whether a notice of cancellation of automobile liability insurance satisfies the requirements of section 313 of the Vehicle and Traffic Law where the said notice to the insured designated by year, make and serial number an automobile not covered by the insurance policy even though the correct number of the policy appeared on said notice.
The Aetna Casualty and Surety Company, defendant in this action, issued an automobile liability insurance policy No. 72FA 157935PC to one James Sclafani insuring a 1958 Pontiac automobile for the period December 29, 1967 to December 29, 1968. Thereafter, the said Sclafani changed the insured vehicle for a 1960 Lincoln automobile and, upon request, the defendant issued its FS-1R, effective March 26, 1968, transferring the said liability insurance coverage to the Lincoln. At a subsequent date, James Sclafani again changed the insured vehicle, this time to a 1960 Pontiac. Again the defendant issued its FS-1R transferring the liability insurance coverage from the 1960 Lincoln to the 1960 Pontiac, effective August 13, 1968.
While driving the 1960 Pontiac on October 5, 1968, James Sclafani was involved in an accident with the plaintiff. In the resulting suit, plaintiff was awarded judgment by default against James Sclafani in the amount of $2,778.50. The present action is brought against the defendant on that judgment pursuant to the Insurance Law (§ 167).
*815 On September 5, 1968, one month prior to the date of the accident, defendant mailed to its insured, James Sclafani, a “Notice of Cancellation for Non-Payment of Premium.” The said notice purported to cancel policy No. 72FA 157935PC on a “ 60 Lincoln, DY 73B405144.” Thereafter, the defendant forwarded to the Department of Motor Vehicles PS-4 Notice of Termination of insurance policy on a ’60 Pontiac with a serial number 180L14421.
Defendant contends that it canceled its policy of insurance with James Sclafani as to the 1960 Pontiac by mailing a notice of cancellation that designated a 1960 Lincoln.
Insofar as it is pertinent to the question before the court, section 313 of the Vehicle and Traffic Law provides that “ No contract of insurance or renewal thereof for which a certificate of insurance has been filed with the commissioner shall be terminated by cancellation by the insurer or failure to renew by the insurer until at least twenty days after mailing to the named insured at the address shown on the policy a notice of termination, except where the cancellation is for non-payment of premium in which case ten days notice of cancellation by the insurer shall be sufficient ”.
The court regards it as settled law that the statutory method of terminating coverage on notice is the sole and exclusive method by which insurance coverage, for which a certificate of insurance has been filed with the Commissioner, can be canceled. (Teeter v. Allstate Ins. Co., 9 A D 2d 176; Connecticut Fire Ins. Co. v. Williams, 9 A D 2d 461; Aetna Cas. & Sur. Co. v. Garrett, 56 Misc 2d 1038.) Moreover, in the Connecticut Fire Ins. case, the appellate court pointed out that although a perfectly valid reason for failing to renew coverage was available, the nonpayment of premiums, that issue could not be used to obscure the fact of noncompliance with the statutory provisions.
We cannot lose sight of the fact that this State has a compulsory insurance law, enacted to implement the public policy of the State which seeks to protect the public against the operation of motor vehicles by financially irresponsible persons. This law also has rather stringent penal sanctions which must be invoked against the owner of an uninsured automobile registered in this State. Because of these considerations, it has been held that “ Once a certificate of insurance under section 93-b has been issued by the insurance company and filed with the Commissioner, the contract of insurance ceases to be a private contract between the parties. A supervening public interest then attaches and restricts the rights of the parties in *816 accordance with the statutory provisions.” (Teeter v. Allstate Ins. Co., 9 A D 2d 176, 181, supra.)
In view of the public interest and protection as well as the penal sanctions, the court is of the opinion that all actions taken under the statute must be meticulously correct in every detail, and that errors resulting in noncompliance with statutory provisions must be strictly construed against the party making such errors.
It follows, therefore, that the notice mailed by the defendant to James Sclafani, its insured, which purported to cancel the insurance policy on the 1960 Lincoln was a nullity because coverage on that automobile had previously been terminated by transfer to a 1960 Pontiac. Since the insurer did not at any time mail to the insured a notice of cancellation of insurance on the 1960 Pontiac, then the notice of termination of insurance on a 1960 Pontiac which defendant forwarded to the Department of Motor Vehicles was likewise a nullity because the insurer failed to comply with the statutory condition precedent to such notice.
Finally, the court cannot agree that the insured was compelled to interpret a notice of cancellation of insurance on a 1960 Lincoln to mean cancellation of a policy on a 1960 Pontiac. The vagaries of the insurance company or its employees, whether inadvertent or contrived, cannot place unreasonable burdens upon those whom it insures. What the insured thought he had, and what he had every right to think he had, was a policy of insurance on an automobile he presently owned and could not be expected to be concerned about insurance on an automobile he formerly owned, then disposed of and requested termination of coverage by transfer.
On the facts and evidence before the court, the insurer at no time mailed to its insured a notice of cancellation for the insurance on a ’60 Pontiac, hence, that insurance remained in force. Had the insurance company acted correctly, the insured would have been put on notice to pay his premiums, or, in the alternative, make application for insurance with another company.
A strict interpretation of notice of cancellation will not allow for placing the wrong make of car and motor number on its face, especially when the insured had in the past owned an automobile of such make and serial number and had in fact canceled that policy in order to transfer the insurance to his presently owned car.
Judgment in favor of the plaintiff against the defendant in the sum of $2,778.50, without costs.