■ NASSAU INSURANCE COMPANY, Appellant, v LUIS HERNANDEZ et al., Respondents.—In a proceeding to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County, dated June 22, 1977, which, after a hearing, denied its application. Judgment reversed, on the law, with costs, and petition granted. Respondent Luis Hernandez was injured in a motor vehicle accident involving a vehicle owned and operated by Miguel Arroya. Hernandez filed an uninsured motorist claim against petitioner, Nassau Insurance Company (Nassau), the

insurer of the vehicle operated by Hernandez. Nassau then commenced this proceeding to stay arbitration of the uninsured motorist claim on the ground that at the time of the accident, Arroya was insured by Allstate Insurance Company. Allstate claims that it terminated Arroya's policy prior to the accident. The issue on appeal is whether the notice of cancellation was effective. The parties have stipulated to the following facts: Allstate issued an insurance policy to Arroya on July 3, 1975, but sought to terminate the policy by sending a notice of cancellation, dated August 8, 1975, to become effective on August 30, 1975. The notice of cancellation contained a financial security notice, but the type of said notice was 6-point rather than the statutorily required 12-point type face (see Vehicle and Traffic Law, § 313, subd 1). Arroya received, read, and understood the notice of cancellation but failed to obtain substitute insurance. The reason given for the cancellation was lack of driving experience. However, the actual reason for termination was Arroya's failure to obtain a valid driver's license. Subdivision 1 of section 313 of the Vehicle and Traffic Law requires that every notice of termination "shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period". The requirement that 12-point type face be used is unambiguous and absolute, thereby indicating that there must be strict compliance with the statutory condition. Furthermore, strict construction, rather than mere substantial compliance, is necessary if the legislative purpose of protecting the innocent injured party is to be effectuated (Matter of Lion Ins. Co. v Reilly, 61 AD2d 1047). Therefore, proof that the defective notice may have been read and understood is irrelevant to the determination of whether the notice of termination is valid. Since the financial security clause was printed in six-point type, the notice of termination was statutorily defective and therefore invalid. The notice also failed to comply with the requirements of subdivision (2) of section 167-a of the Insurance Law. This section provides that no notice of cancellation within 60 days of the issuance of the policy shall be effective "unless it states * * * the specific reason or reasons for such cancellation." Although the instant notice contained a specific reason (i.e., lack of driving experience), the reason given was not the actual basis for the cancellation (i.e., failure to obtain a driver's license). Implicit in the requirement that a reason be given is the requirement that the noticed reason be accurate. Otherwise, it would be impossible to contest the cancellation or to correct the defect for purposes of obtaining substitute insurance. The failure to specify the actual reason for termination is a second defect which makes the notice of cancellation invalid. Accordingly, Nassau is entitled to a permanent stay of arbitration. Martuscello, J. P., Titone, Rabin and Hawkins, JJ., concur. [94 Misc 2d 6.]