**Lawrence ROTENBERG,**
**Plaintiff–Appellant,**

v.

**AMERICAN STANDARD INSURANCE**
**COMPANY OF WISCONSIN,**
**Defendant–Appellee.**

No. 92CA1224.

Colorado Court of Appeals,
Div. I.

Oct. 7, 1993.

Rehearing Denied Nov. 4, 1993.

Beem & Mann, P.C., Clifford L. Beem, Denver, for plaintiff-appellant.

Dickinson, Everstine & Prud'Homme, J. Gregory Morrell, Denver, for defendant-appellee.

Opinion by Judge NEY.

In this action concerning termination of automobile insurance, plaintiff, Lawrence Rotenberg, appeals a summary judgment entered in favor of defendant, American Standard Insurance Company of Wisconsin (insurer). We reverse.

On August 26, 1988, plaintiff's two automobiles were insured under separate, new policies issued by the insurer. Coverage was provided for a three-month policy period, and the contracts stated:

This policy will automatically terminate at the end of the policy period if you or your representative do not accept our offer to renew it. Your failure to pay the required renewal premium when due means that you have declined our offer.

On October 20, 1988, the insurer mailed plaintiff premium notices for renewal of the policies for the period November 26, 1988, to February 26, 1989. The notice advised plaintiff that coverage would cease on November 26, 1988 if the premium was not paid before then. Premiums were not paid by that date.

Plaintiff's automobiles were involved in separate accidents on January 3 and 9, 1989.

Plaintiff mailed the premiums on January 9, 1989, and the insurer reinstated coverage effective January 11.

On January 16, plaintiff notified the insurer of the accidents. Coverage was denied on grounds that plaintiff's policies had lapsed on November 26, 1988, and plaintiff initiated this litigation.

On cross-motions for summary judgment, the trial court found no genuine issue of material fact and entered judgment for the insurer. The court reasoned that when plaintiff failed to pay the premium due on November 26, 1988, he declined the insurer's offer to renew, and no additional notice of coverage termination was required by § 10–4–601, et seq., C.R.S. (1987 Repl.Vol. 4A).

Plaintiff contends that the trial court erred in its interpretation of the statutory notice requirements and in granting summary judgment for the insurer. We agree.

■ Under §§ 10–4–602(1)(a) and 10–4–603(1), C.R.S. (1987 Repl.Vol. 4A), an automobile policy may be *cancelled* for nonpayment of premium on ten days' prior notice, giving the reason for cancellation. The notice requirement applies to unilateral cancellation of a policy by the insurer, but not to policy expiration. *Shelly v. Strait,* 634 P.2d 1017 (Colo.App.1981).

■ No such notice is required for *nonrenewal* of a policy for nonpayment. Sections 10–4–602(3) and 10–4–603(3), C.R.S. (1987 Repl.Vol. 4A). An insurer must give twenty days' prior notice of its refusal or intention not to renew a policy, unless, as relevant here, the insurer has manifested its willingness to renew or there is nonpayment of premium. Section 10–4–604(1)(a) and (b), C.R.S. (1987 Repl.Vol. 4A).

The definition section of the statute states:

'Renewal' or 'to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of the policy beyond its policy period or term; *but any policy with a policy period or term of less than six months shall, for the purpose of this part 6, be considered as if written for a policy period or term of six months;* and any policy written for a term longer than one year, or any policy with no fixed expiration date, shall, for the purpose of this part 6, be considered as if written for successive policy periods or terms of one year, and such policy may be terminated at the expiration of any annual period upon giving twenty days' notice of cancellation prior to such anniversary date, and such cancellation shall not be subject to any other provisions of this part 6.

Section 10–4–601(3), C.R.S. (1987 Repl.Vol. 4a) (emphasis added).

■ We must give effect to the General Assembly's intent, if possible, by reading the statute as a whole to give reasonable meaning to every part of it. *See Allstate Insurance Co. v. Parfrey,* 830 P.2d 905 (Colo.1992).

■ Giving effect to the definition section provisions for considering a three-month policy "as if written for a policy period or term of six months" and to the notice requirements for cancellation and nonrenewal, we conclude that plaintiff's policies issued on August 26, 1988, must be "considered as if written" for a term expiring on February 26, 1989, for the purpose of determining the notice required on termination of coverage. As, in effect, plaintiff's policies were cancelled in mid-term for his failure to pay when due the second installment of the premium for the statutorily presumed second half of the six-month policy, a cancellation notice

under § 10–4–603, C.R.S. (1987 Repl.Vol. 4A) was therefore necessary.

On the stipulated evidence, it appears that the October 1988 notice advised plaintiff that his coverage would cease if the premium was not timely paid. However, that notice, sent before the nonpayment had occurred, does not meet the statutory notice provision which is required for cancellation for nonpayment of premiums. We conclude that cancellation for nonpayment can only occur if the payment is overdue. Therefore, the notice one month prior to the due date of the premium payment does not meet the requirements of § 10–4–603(1), C.R.S. (1987 Repl.Vol. 4A). *Cf. Thomason v. Schnorr,* 41 Colo.App. 546, 587 P.2d 1205 (1978) (notices sent concerning nonpayment of premium to extend a three-month policy sufficient under the statute).

As no additional notice was given, the coverage was not terminated in accordance with the statutory requirements, the insurer improperly denied coverage for the accidents, and the trial court erred in entering summary judgment for the insurer.

The judgment is reversed, and the cause is remanded to the trial court for entry of judgment for plaintiff.

PIERCE and MARQUEZ, JJ., concur.