**Joseph GEIGER and Leanne Geiger, Plaintiffs–Appellants,**

**and**

**Stephen C. Kaufman, Appellant,**

v.

**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Defendant–Appellee.**

Nos. 03CA1418, 03CA1735.

Colorado Court of Appeals, Division II.

Sept. 23, 2004.

Rehearing Denied Jan. 13, 2005.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Kidneigh & Kaufman, P.C., Stephen C. Kaufman, Denver, Colorado, for Plaintiffs–Appellants and Appellant.

Harris, Karstaedt, Jamison, Powers, P.C., A. Peter Gregory, Christina L. Dixon, Rebecca K. Wagner, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

Plaintiffs, Joseph Geiger (husband) and Leanne Geiger (wife), appeal the summary judgment in favor of defendant, American Standard Insurance Company of Wisconsin, in which the trial court concluded that defendant effectively had canceled plaintiffs' automobile insurance policy before an accident occurred in which plaintiffs were injured. Plaintiffs and their attorney, Stephen C. Kaufman, also appeal the orders awarding defendant its attorney fees and costs. We reverse and remand.

Defendant issued an automobile insurance policy in which wife was the policyholder and named insured. The policy covered a vehicle jointly owned by plaintiffs. It is undisputed

that plaintiffs are married and that husband did not have a driver's license when the policy was issued.

After sending wife at least two notices indicating that premium payments were past due, defendant sought to cancel the policy for nonpayment of premiums. It issued a letter dated December 20, 2001, addressed to wife only, informing her that if payment was not received, the policy would terminate on January 4, 2002. Defendant did not receive a payment before that date.

On January 26, 2002, plaintiffs were injured in an automobile accident while wife was driving the vehicle and husband was a passenger. Plaintiffs sought personal injury protection (PIP) benefits from defendant under their policy. Asserting that the policy was canceled on January 4, 2002, defendant denied their claim.

Plaintiffs thereafter commenced this action asserting, inter alia, claims for breach of contract. Plaintiffs asserted that defendant had not effectively canceled the policy because the notice did not comport with the policy's cancellation provisions in two respects: the notice was addressed only to wife, and the notice was not properly sent.

Contending that husband was entitled to notice under the policy and that the attempted cancellation was therefore ineffective, plaintiffs moved for partial summary judgment. Defendant replied with its own motion for summary judgment, asserting that husband was not entitled to notice of cancellation and that the undisputed facts proved that it had complied with policy provisions for cancellation. Concluding that the policy was effectively canceled on January 4, 2002, the trial court granted summary judgment for defendant. Specifically, the court found that the notice was sent to wife by certified mail on December 20, 2001, and that, because he lacked a driver's license, husband was not an insured under the policy; therefore, he was not entitled to notice of the cancellation. In addition, the trial court found that plaintiffs' case lacked substantial justification under § 13–17–102, C.R.S.2003, and awarded defendant attorney fees and costs. This appeal followed.

■ Plaintiffs contend that the policy required defendant to send a notice of cancellation to husband and thus the purported cancellation was ineffective. We agree.

■ The rights and duties of the parties to an automobile insurance policy are defined by the terms and conditions of the insurance contract. As in other areas of contract law, the language of an insurance policy is determinative of the intent of the parties, and its interpretation is a question of law that we review de novo. *See Lopez v. Dairyland Ins. Co.*, 890 P.2d 192 (Colo.App.1994). Unless the policy is ambiguous, we must enforce the policy as written. *See State Farm Mut. Auto. Ins. Co. v. Stein*, 940 P.2d 384 (Colo. 1997).

■ We may not rewrite policy provisions that are clear and unambiguous, and we may neither add provisions to extend coverage beyond that contracted for nor delete them to limit coverage. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294 (Colo. 2003).

■ Public policy considerations require strict compliance with the cancellation provisions of an insurance policy. *See Omni Dev. Corp. v. Atlas Assurance Co.*, 956 P.2d 665 (Colo.App.1998); *State Comp. Ins. Fund v. Bldg. Sys., Inc.*, 713 P.2d 940 (Colo.App. 1985); *see also Rotenberg v. Am. Standard Ins. Co.*, 865 P.2d 905 (Colo.App.1993)(requiring strict compliance with statutory provisions concerning cancellation).

Here, the policy provides that the insurer "may cancel by mailing notice of cancellation to you by certified mail at the address shown in the policy . . . not less than 10 days prior to the effective date of cancellation for nonpayment of premium." The policy highlighted the term "you" in bold print. Under the section captioned "definitions used throughout this policy" the policy stated that, "[a]s used throughout this policy, except where redefined, and shown in bold type . . . You and your mean the policyholder named in the declarations and spouse, if living in the same household."

The plain and ordinary meaning of the cancellation provision requiring defendant to

give notice to "you" requires it to give notice to both the policyholder named in the declarations and to his or her spouse, if the spouse is residing in the same household. The notice provision does not limit the conditions under which "you" must receive notice.

This conclusion is supported by the language of the insuring clause in the policy, which states, "We agree with you, in return for your premium payment, to insure you subject to all the terms of this policy. We will insure you for the coverages and the limits of liability as shown in the declarations of this policy." Given the quoted definition of "you," the policy clearly and unambiguously insures husband for the policy coverage and limits set forth. Hence, it is appropriate to interpret the cancellation notice requirement to apply to him as well.

Here, it is undisputed that husband and wife were living in the same household. Accordingly, we conclude that the policy required defendant to give notice of cancellation to both. Because husband was not included in the notice of cancellation, and no separate notice was sent to him, the cancellation was not effective.

This conclusion is further supported by the requirement that an insurer strictly comply with cancellation provisions. *See Omni Dev. Corp. v. Atlas Assurance Co., supra; State Comp. Ins. Fund v. Bldg. Sys., Inc., supra; see also* 8 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 30:17 (3d ed.2003)(to effect cancellation of a policy, strict compliance by insurer with the policy's cancellation provisions is necessary).

Cases from other jurisdictions further buttress our conclusion. In *Mid–Century Insurance Co. v. Dace,* 171 Ariz. 101, 828 P.2d 1242 (Ct.App.1991), the court interpreted a similar cancellation provision. There, the insurance policy, which listed the husband as the named insured, provided that the company could cancel the policy for nonpayment of premium "by mailing notice to you at the address shown in the Declarations," and defined "you" as "named insured shown in the Declarations and spouse if a resident of the same household."

The insurance company mailed the notice of cancellation to the husband at the address listed in the policy. However, because the wife and husband had separated, and the wife was no longer a resident in the same house, the court concluded that she did not qualify as "you" under the policy. Accordingly, because the policy did not otherwise require that the wife receive notice, the court held that she was not entitled to it and that the company effectively had canceled the policy with its notice to the husband.

In *Safeco Insurance Co. v. Stone & Sons, Inc.,* 822 S.W.2d 565 (Mo.Ct.App.1992), the policy provided that notice of cancellation would be given to "you," and that term was defined as the insured listed in the declarations. The policy listed a company, Stone & Sons, Inc., as the named insured. All the stock in the company was owned by a married couple, and the company operated out of their home.

The insurer sent a cancellation notice to the husband individually, not to the company. Requiring strict construction and compliance with the cancellation provisions of the policy, the court held that the insurance company had not effectively canceled the contract.

Defendant nevertheless argues that, despite the language of the cancellation provision, husband was not entitled to notice because he was not a licensed driver and, therefore, could not be an insured under the policy. We reject this contention.

Given the terms of the insuring agreement quoted above, and the lack of any applicable exclusion, the policy clearly and unambiguously insures husband for the stated policy coverage and limits. The policy provides PIP coverage for any "eligible injured person" for injury caused by an accident due to the use or operation of a motor vehicle. It also defines "eligible injured person" as "the named insured or relative who sustains bodily injury resulting from the use or operation of a motor vehicle" and "any other person who sustains bodily injury while occupying the insured motor vehicle with the named insured's consent."

There is nothing in the policy to suggest that husband's lack of a driver's license

yields a different result. The inclusion of the policyholder's spouse in the definition of "you" is not conditioned on the spouse having a license, nor does the policy expressly exclude a spouse from being an insured because of the lack of one. Based on the policy's definition of "eligible injured person" and "you," husband would be an insured, regardless of licensure, under the PIP provisions either as a relative of the named insured or as someone who sustained injury while occupying the insured motor vehicle with wife's consent. And contrary to defendant's contention, there is nothing in the insurance application form that purports to exclude husband or limit coverage based on the lack of a license.

To the extent defendant argues that statutory provisions require another result, we disagree.

Section 10–4–603, C.R.S.2003, imposes a minimum requirement on insurers to provide notice of cancellation to the "named insured." However, nothing prevents insurance carriers from drafting policies that provide for more notice than that required by the statute. *See State Farm Mut. Auto. Ins. Co. v. Kastner*, 77 P.3d 1256 (Colo.2003); *Schaefer v. City & County of Denver*, 973 P.2d 717 (Colo.App.1998).

Here, the cancellation provision in the policy is not limited to giving notice to the "named insured." Rather, it includes both the "policyholder" and his or her spouse. Accordingly, defendant's attempt to limit the notice requirement to "named insureds" is untenable.

To the extent defendant argues that plaintiffs' status as a married couple resulted in an agency relationship between the two as a matter of law, and that notice to wife was sufficient to provide notice to husband, we reject that contention. Defendant has provided no legal authority, and we are aware of none, that imputes an agency relationship between married persons as a matter of law simply by virtue of their marriage. Indeed, Colorado law appears to hold to the contrary. *See Steele v. Gold Fissure Gold Mining Co.,*

42 Colo. 529, 95 P. 349 (1908)(no presumption that husband had any authority to represent wife).

 For these reasons, the trial court incorrectly granted summary judgment for defendant. Accordingly, we need not address plaintiffs' remaining contentions. And in view of these conclusions, it follows that plaintiffs' claims are not substantially frivolous, groundless, or vexatious within the meaning of § 13–17–102. Hence, the trial court also erred in awarding attorney fees and costs to defendant.

The judgment and the orders are reversed, and the case is remanded with directions to enter judgment in favor of plaintiffs on the issue of cancellation of the policy and to conduct further proceedings consistent with this opinion.

Judge CARPARELLI and Judge HUME * concur.