The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 24, 2019

**2019COA11**

**No. 17CA2089, *Brown v. American Standard Insurance Company of Wisconsin* — Insurance — Motor Vehicles — Automobile Insurance Policies — Basis for Cancellation**

In this insurance coverage dispute, the division concludes that when an insurer provides the reason for cancellation of an automobile insurance policy either with the notice of cancellation or in response to a request from the insured, the reason given must be accurate, or the notice of cancellation is ineffective.

Court of Appeals No. 17CA2089
City and County of Denver District Court No. 17CV30099
Honorable Michael A. Martinez, Judge

Michael D. Brown,

Plaintiff-Appellant,

v.

American Standard Insurance Company of Wisconsin,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE BERGER
Román and Richman, JJ., concur

Announced January 24, 2019

McDivitt Law Firm, P.C., David E. McDivitt, Edward Lomena, Colorado Springs,
Colorado, for Plaintiff-Appellant

Campbell, Latiolais & Averbach, LLC, Colin Campbell, Phillip Khalife,
Greenwood Village, Colorado, for Defendant-Appellee

¶ 1     This insurance dispute arises from plaintiff Michael D. Brown's motorcycle accident, and the purported cancellation of his motorcycle insurance policy by defendant, American Standard Insurance Company of Wisconsin.

¶ 2     After Brown sued for benefits under the policy, the trial court granted American Standard's summary judgment motion, concluding that no coverage was in effect on the date of the accident because American Standard had previously given written notice of cancellation on the ground that Brown did not have a valid driver's license.  But Brown contested that fact, and offered admissible evidence that he had a valid driver's license at the time of the cancellation and on the date of the accident.

¶ 3     We conclude, as a matter of first impression in Colorado, that when an insurer notifies an insured that it is cancelling an automobile insurance policy and specifies the reason for the cancellation, the validity of the cancellation turns on the accuracy of the information underlying the cancellation.  Under these circumstances, a policy cancellation based on inaccurate information is no cancellation at all.

¶ 4 Because there is a disputed issue of material fact whether the stated reason for American Standard's cancellation of Brown's policy was true, we reverse the trial court's summary judgment.

## I. Relevant Facts and Procedural History

¶ 5 In March 2014, Brown purchased a motorcycle insurance policy from American Standard for his Suzuki motorcycle.[1] On August 5, 2014, American Standard mailed a notice to Brown that it was cancelling that policy effective August 20, 2014. The stated reason for cancellation was "DOES NOT HAVE A VALID DRIVER'S LICENSE." Brown does not contest that he received the notice of cancellation and that, before the lawsuit that underlies this appeal, he took no action to dispute the cancellation.

¶ 6 On September 6, 2014, Brown was involved in an accident while driving the motorcycle. He allegedly sustained significant injuries. Apparently because the other driver was either uninsured or underinsured, Brown made a claim against the American Standard uninsured/underinsured motorist coverages.

---

[1] This was policy number XXXX-XXXX-06-04-SCYC-CO, for a "2013 SUZUKI MOTORCYCLE."

¶ 7     Approximately a month and a half after the purported policy cancellation, Brown received a letter dated October 3, 2014, from American Family Mutual Insurance Company regarding an automobile insurance policy issued to Brown by that company.[2] The letter stated: "Please disregard the termination notice recently sent to you.  Information recently received enables us to continue this policy without interruption in coverage."

¶ 8     When American Standard denied coverage, Brown filed a complaint against American Standard for, among other things, breach of contract.  American Standard moved for summary judgment, contending that coverage was not in force on the date of the accident because it had previously cancelled the policy.

¶ 9     Brown filed a written response to American Standard's summary judgment motion, supported by Brown's affidavit attesting that he had a valid Colorado driver's license both at the time of the cancellation and on the date of the accident.

---

[2] This was policy number XXXX-XXXX-04-98-FPPPA-CO, for a "2009 CADI AF6."  American Standard contends that "2009 CADI AF6" refers to a 2009 Cadillac, a contention not disputed by Brown.

¶ 10    The trial court concluded that there were no disputed issues of material fact and granted American Standard's summary judgment motion.  Brown appeals.

## II.    Standard of Review

¶ 11    We review a grant of summary judgment de novo.  *P.W. v. Children's Hosp. Colo.*, 2016 CO 6, ¶ 11.

¶ 12    "Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*  The party requesting summary judgment has the initial burden of showing that there is no genuine issue of material fact.  *Gibbons v. Ludlow*, 2013 CO 49, ¶ 11.

¶ 13    If this initial burden is met, the burden shifts to the nonmoving party to demonstrate the existence of a disputed issue of material fact.  *Civil Serv. Comm'n v. Pinder*, 812 P.2d 645, 649 (Colo. 1991).  A material fact is one that impacts the outcome of the case.  *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231, 239 (Colo. 1984).

### III. There Is a Disputed Issue of Material Fact Regarding the Effectiveness of American Standard's Cancellation of the Policy

¶ 14 In its summary judgment motion, American Standard argued that there was no disputed issue of material fact because insurance coverage was not in effect on the date of the accident. To support this contention, American Standard submitted the written notice of cancellation.

¶ 15 As noted above, Brown did not contest in the trial court, and concedes on appeal, that American Standard mailed the notice of cancellation to his last known address and that he did not challenge the cancellation either before the effective date of the cancellation or at any time before the filing of the lawsuit underlying this appeal.

¶ 16 Thus, American Standard met its initial summary judgment burden by establishing that the policy was not in effect on the date of the accident. To avoid summary judgment, Brown was required to establish a disputed issue of material fact. *Pinder*, 812 P.2d at 649.

¶ 17 To meet his summary judgment burden, Brown did three things. First, Brown supported his opposition to summary

judgment with his affidavit stating that, contrary to the reason given for the policy cancellation, he had a valid Colorado driver's license at the time of cancellation and on the date of the accident. Second, he argued that, despite American Standard's attempted cancellation, coverage in fact continued through the date of the accident because American Family told him on October 3, 2014, to disregard the previous cancellation letter. Third, he asserted that American Standard continued to accept payments from Brown after the cancellation, which reinstated the policy retroactive to the date of the accident.

¶ 18    Brown's first contention raises a disputed issue of material fact requiring reversal. We do not decide the issues presented by Brown's second and third contentions because they are not necessary to our disposition.

A.    The Validity of American Standard's Policy Cancellation Turns on the Accuracy of the Underlying Reason for Cancellation

¶ 19    As noted, Brown supported his opposition to summary judgment with his affidavit attesting that, contrary to the stated basis for cancellation, he had a valid Colorado driver's license at all relevant times.

### 1. Preservation

¶ 20     Before addressing the merits of this argument, we must first confront whether Brown sufficiently preserved this argument in the trial court.

¶ 21     It is axiomatic that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal. *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18. If a party raises an argument to such a degree that the court has the opportunity to rule on it, that argument is preserved for appeal. *Battle N., LLC v. Sensible Hous. Co.*, 2015 COA 83, ¶ 13.

¶ 22     Brown's response to American Standard's motion for summary judgment stated that "Plaintiff has provided a sworn affidavit stating that he did have a valid driver's license" at the time of cancellation, but it did not explain what, if any, legal significance that fact had. Despite the absence of meaningful argument regarding the legal impact of a policy cancellation premised on false information, we discern no reason for the submission of Brown's affidavit other than to challenge the effectiveness of the cancellation.

¶ 23    The trial court recognized this contention and addressed it, reaching the legal conclusion that the validity of Brown's license at the time of cancellation was immaterial and that American Standard "had effectively cancelled [Brown's] motorcycle insurance policy prior to the accident." Because the trial court ruled on this question, we conclude that the issue raised on appeal — the validity of the cancellation based on the allegedly incorrect information that Brown did not have a valid driver's license — was preserved.

## 2.    Merits

¶ 24    If Colorado law provides that the purported cancellation of an automobile insurance policy is ineffective when the claimed basis for cancellation is factually incorrect, then summary judgment was unwarranted. We now turn to that legal question.

¶ 25    Colorado law requires that insurers comply strictly with statutory and contractual requirements when cancelling an automobile insurance policy. *See, e.g., Geiger v. Am. Standard Ins. Co. of Wis.*, 117 P.3d 16, 18 (Colo. App. 2004); *Rotenberg v. Am. Standard Ins. Co. of Wis.*, 865 P.2d 905, 907 (Colo. App. 1993).

¶ 26    Section 10-4-602(1), C.R.S. 2018, limits the reasons an insurer may rely on to cancel an automobile insurance policy. A

8

notice of cancellation is invalid unless based on one of the reasons listed in the statute.[3]  § 10-4-602(1).  A notice of cancellation, other than a notice of cancellation for nonpayment of premium, must include either the reason for the cancellation or a statement that the insurer will provide the reason upon timely written request.[4] § 10-4-603(1), C.R.S. 2018.

¶ 27     No published Colorado case addresses whether a notice of cancellation that includes a reason for cancellation is ineffective if the reason given is inaccurate.

¶ 28     Courts from other states, however, have held that cancellation of an insurance policy premised on incorrect facts is no cancellation at all.[5]  *See, e.g.*, *Peterson v. Allstate Ins. Co.*, 330 P.2d 843, 846

---

[3] Section 10-4-602(2), C.R.S. 2018, provides that the statute does not apply when the policy has been in effect less than sixty days. The statute is also inapplicable to the nonrenewal of a policy.  § 10-4-602(3).

[4] A notice of cancellation for nonpayment of premium must include the reason for cancellation or a statement that the policy will be cancelled if the premium is not paid.  § 10-4-603(1), C.R.S. 2018.

[5] We do not address whether a policy provision requiring a reason for cancellation invokes a similar rule because the American Standard policy is not part of the record on appeal.

(Cal. Dist. Ct. App. 1958); *Nassau Ins. Co. v. Hernandez*, 408 N.Y.S.2d 956, 957-58 (N.Y. App. Div. 1978).

¶ 29 In New York, like in Colorado, an insurer must, under various circumstances, state a reason for cancelling an automobile insurance policy. *See* § 10-4-603; N.Y. Ins. Law § 3425 (McKinney 2018). A New York intermediate appellate court held that implicit in a statutory requirement that a reason be given for cancelling an insurance policy is a requirement that the noticed reason be accurate. *Nassau Ins.*, 408 N.Y.S.2d at 957. If the reason given for the purported cancellation is factually inaccurate, the cancellation is invalid. *Id.* at 957-58.

¶ 30 Similarly, a California intermediate appellate court held that a cancellation of an automobile insurance policy, based on the mistaken premise that the premium was unpaid, was ineffective. *Peterson*, 330 P.2d at 846. Put another way, "a cancellation by mistake is no cancellation at all."[6] *Id.*

---

[6] The California holding does not appear to be limited to those situations in which a statute requires the notice of cancellation to include a statement of the reason for cancellation.

¶ 31     In other jurisdictions where insurers must, by statute, give insureds a reason for the cancellation of insurance, courts have held cancellations ineffective because (1) insurers did not describe the reasons for cancellation with sufficient specificity, *e.g.*, *Fields v. Parsons*, 234 N.E.2d 744, 745 (Mass. 1968); (2) the reasons given by insurers were not consistent with those permitted by statute, *e.g.*, *Gen. Star Indem. Co. v. Thunderbutte Enters., LLC*, 221 F. Supp. 3d 1174, 1182 (E.D. Cal. 2016); and (3) information required to be included in the notices of cancellation was incorrect, *e.g.*, *Argenzio v. Aetna Cas. & Sur. Co.*, 318 N.Y.S.2d 64, 67 (N.Y. Civ. Ct. 1971).

¶ 32     In short, courts have widely held that an insurer's attempt to cancel an insurance policy must strictly comply with statutory requirements and, when required by statute, accurately apprise the insured of the reason for cancellation.

¶ 33     In Colorado, at least in certain circumstances, an automobile liability insurer is required by statute to state the reason for cancellation; indeed, the statute limits cancellation to those circumstances enumerated in the statute.  §§ 10-4-602(1), 10-4-603(1), (2).  Consistent with the reasoning of the court in *Nassau*

11

*Insurance* and other courts that have considered the implications of similar statutes, we believe that implicit in such requirements is that the stated reason for cancellation must be factually accurate, and if it is not, there is no cancellation at all. *See Gen. Star*, 221 F. Supp. 3d at 1182; *Fields*, 234 N.E.2d at 745; *Nassau Ins.*, 408 N.Y.S.2d at 957-58; *Argenzio*, 318 N.Y.S.2d at 67; *see also* 2 Steven Plitt et al., *Couch on Insurance* § 32:42, Westlaw (3d ed. database updated June 2018).

¶ 34     Therefore, we hold, as a matter of first impression in Colorado, that when an insurer provides the reason for cancellation of an automobile insurance policy either with the notice of cancellation or in response to a request from the insured, the reason given must be accurate, or the notice of cancellation is ineffective.

¶ 35     We recognize that some decisions from other jurisdictions apply a rule that if the insurer is *not* required to state the reason for cancellation, either by statute or by the terms of the policy, it is immaterial if the insurer states a reason for cancellation that is factually inaccurate. *See, e.g., Gibbons v. Kelly*, 101 N.E.2d 497, 499 (Ohio 1951). We reject this rule. It contravenes basic principles of good faith and fair dealing in commercial transactions.

12

*See* § 4-1-304, C.R.S. 2018; U.C.C. § 1-304 (Am. Law Inst. & Unif. Law Comm'n 2001).  Moreover, we can discern no logical basis for such a rule and find no support for it in Colorado law.

¶ 36     The stated reason for American Standard's cancellation of the policy was that Brown did not have a valid driver's license, which, if true, would be a proper basis for policy cancellation.  *See* § 10-4-602(1)(b).  But Brown controverted that factual premise in his affidavit.  As a result, there is a disputed issue of material fact as to whether Brown had a valid driver's license at the time of cancellation, and the trial court erred in treating the notice of cancellation as dispositive on summary judgment.

3.     The Question Whether Brown Had a Valid Motorcycle Endorsement on His Driver's License Is Not Properly Before Us

¶ 37     In its answer brief, American Standard argues that it cancelled Brown's insurance coverage not because he did not have a valid driver's license, but because he did not have a valid motorcycle endorsement on his license.  But American Standard made no such argument in the summary judgment proceedings.[7]

---

[7] Because the question is not properly before us, we do not address whether lack of a motorcycle endorsement would be sufficient

13

¶ 38      While an appellee may defend the trial court's judgment on any ground supported by the record, whether or not that ground was addressed by the trial court, *Farmers Grp., Inc. v. Williams*, 805 P.2d 419, 429 (Colo. 1991), that rule has no bearing when, as here, there is nothing in the trial court record that addresses motorcycle endorsements to drivers' licenses.

### 4. Brown Did Not Waive His Right to Sue or Ratify American Standard's Purported Cancellation

¶ 39      American Standard also contends, in essence, that its cancellation of Brown's policy was effective, regardless of whether the reason for cancellation was factually accurate, because Brown did not contest the cancellation until well after the accident, and indeed, not before bringing the suit that underlies this appeal. But American Standard supplies no legal support for that proposition, and we have independently found none. To the contrary, divisions of this court have recognized (albeit in different factual settings) that an insured who received a defective notice of cancellation of an

---

grounds under section 10-4-602(1)(b) to cancel a motorcycle insurance policy. It is for the district court to determine, whether by pleading amendment or otherwise, American Standard may repursue this argument on remand.

insurance policy nevertheless may bring suit against the insurer under the policy without having previously challenged the cancellation. *See, e.g., Geiger*, 117 P.3d 16; *Rotenberg*, 865 P.2d 905.

¶ 40    In other jurisdictions, when insurers have cancelled automobile policies on the basis of incorrect factual information or without providing a sufficient description of the reason for the cancellation, and an accident occurred following the purported cancellation, insureds have successfully sued to enforce those policies. *See, e.g., Fields*, 234 N.E.2d at 745; *Argenzio*, 318 N.Y.S.2d at 67. And as a general matter, courts across multiple jurisdictions have recognized that one remedy available to insureds facing wrongful cancellation is to wait until the policy is actionable and sue to enforce it.[8]  2 Plitt et al., § 31:28; 17 Richard A. Lord,

---

[8] The insured's right to sue may be subject, under various circumstances, to requirements that the insured continued to tender premiums following cancellation or that the policy would have continued in effect through the time of the payable event. 2 Steven Plitt et al., *Couch on Insurance* § 31:28, Westlaw (3d ed. database updated June 2018); 17 Richard A. Lord, *Williston on Contracts* § 49:137, Westlaw (4th ed. database updated Nov. 2018). We do not further address these questions because the record is not sufficiently developed.

*Williston on Contracts* § 49:137, Westlaw (4th ed. database updated Nov. 2018).

¶ 41    Based on these authorities, we hold that, standing alone, the uncontested fact that Brown did not challenge the cancellation before bringing suit on the policy did not constitute either a waiver of his right to sue under the policy or a ratification of the allegedly improper cancellation.[9]

B.    In View of Our Reversal of the Summary Judgment, We Do Not Adjudicate Brown's Arguments That American Standard's Actions Reinstated the Motorcycle Policy; However, the Trial Court May Treat Its Prior Rulings on These Issues As the Law of the Case

¶ 42    With respect to Brown's claim that the October letter from American Family reinstated his motorcycle policy, that letter addresses a different insurance policy than the motorcycle policy at issue here and was issued by a different insurance company. American Standard pointed out this obvious fact in its summary judgment briefing. The trial court reached the same obvious conclusion it its summary judgment order. We are perplexed that,

---

[9] We do not address any other defenses that American Standard has raised or may by proper amendment raise.

16

on appeal, Brown continues to advance this same meritless argument without even colorably addressing the fact that the letter (a) references a different policy number, (b) references a different vehicle,[10] and (c) is from a different insurance company.

¶ 43     As to Brown's claim that American Standard continued to accept premium payments after cancellation, thereby reinstating the policy, the trial court ruled that Brown did not meet his burden to demonstrate a disputed issue of material fact.  Inexplicably, Brown submitted no cancelled checks (or other relevant evidence) in support of this argument.  Brown's argument is premised solely on line items from bank statements showing payments from his account to "AFM*AM FAMILY INSURANC" on October 14, 2014, and November 19, 2014.  But these entries demonstrate payments made to American Family Mutual Insurance Company, not American Standard, and we know, as addressed above, that American Family issued a separate automobile policy to Brown.  Nor did Brown

---

[10] Both the vehicle identification number and vehicle description in the motorcycle policy are different than the information referenced in the October letter.  *See supra* notes 1 & 2.

demonstrate any correlation between any premiums due under the motorcycle policy and the payments made to American Family.

¶ 44    Brown also contends without providing any support that American Standard and American Family are one and the same. While American Standard appears to concede that American Standard is an affiliate of American Family, that alone is insufficient to establish a disputed issue of material fact that *American Standard* reinstated the motorcycle policy when *American Family* accepted premium payments after the date of purported cancellation.[11]

¶ 45    Neither party has addressed whether a Colorado appellate court has the authority to affirm a component part of a summary judgment when the judgment itself is reversed.  We think it prudent not to address this question, which may be an issue of first impression in Colorado, without the benefit of briefing.

---

[11] Initial disclosure documents filed by American Standard under C.R.C.P. 26(a)(1) show that Brown's motorcycle policy continued from November 17, 2014, forward, but these documents do nothing to demonstrate that Brown's motorcycle policy was in effect on the date of the accident.

¶ 46    Regardless, the trial court afforded Brown a full and fair opportunity to establish his claims that the policy was reinstated both because of acceptance of premiums and the insurer's purported revocation of the prior cancellation.  Brown failed to convince the trial court, and there is no impediment to the trial court considering those prior rulings as the law of the case, under that discretionary doctrine.  *See Kuhn v. State Dep't of Revenue*, 897 P.2d 792, 795 n. 5 (Colo. 1995).

## IV.    Attorney Fees

¶ 47    Because Brown has prevailed on this appeal, we reject American Standard's request for attorney fees.

## V.    Conclusion

¶ 48    The summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE ROMÁN and JUDGE RICHMAN concur.

19