24CA1251 Interest of Huckabee 04-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1251
Arapahoe County District Court No. 12PR639
Honorable Megan Brewer, Magistrate

---

In the Interest of Kevin Huckabee, Ward,

Helena Huckabee,

Appellant,

v.

Paul Huckabee,

Appellee.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE MEIRINK
Dunn and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 24, 2025

---

Wade Ash LLC, Zachary D. Schlichting, Greenwood Village, Colorado, for
Appellant

Lathrop GPM LLP, Thomas A. Rodriguez, Casey C. Breese, Denver, Colorado,
for Appellee

¶ 1     Helena Huckabee (Dr. Huckabee) appeals the district court's order appointing Human Network Services, Inc. (HNS) as her son's successor guardian.  We affirm.

## I.     Background

¶ 2     Kevin Huckabee is Dr. Huckabee's adult son.  He has been diagnosed with autism, mitochondrial disorder, and a Parkinson's like movement disorder, which impairs his mobility and severely limits his communication.  Kevin requires constant support from caregivers and extensive medical and behavioral treatment, which are funded through Medicaid benefits and the State's Developmental Disabilities Waiver (disabilities waiver).

¶ 3     Paul Huckabee (Mr. Huckabee) is Kevin's father.  He and Dr. Huckabee were married and have served as Kevin's co-guardians since 2012.  In 2019, the couple divorced but agreed to a joint parenting and guardianship plan for Kevin.

¶ 4     Dr. Huckabee is a pediatric neuropsychologist who owns Emerge Professionals (Emerge).  Emerge is a company that offers behavioral therapy and counseling services for people with developmental disabilities.  Emerge provided Kevin with applied

behavioral analysis, through his disabilities waiver, for over a decade.

¶ 5        In 2022, Dr. Huckabee informed Mr. Huckabee that Emerge would no longer accept Medicaid billing and would only accept private payment.  Despite requests from Mr. Huckabee to consider supplemental behavioral analysis for Kevin covered by his disabilities waiver funds, members of Kevin's care team indicated that Dr. Huckabee refused to consider any services outside of Emerge.

¶ 6        In early 2023, Dr. Huckabee sought to exert sole authority over Kevin's care and petitioned the district court to remove Mr. Huckabee as Kevin's co-guardian.  Eventually, Dr. Huckabee withdrew her petition after she and Mr. Huckabee entered into a settlement agreement in April 2023.  As part of the settlement terms, they agreed to the appointment of a guardian ad litem (GAL) to act on Kevin's behalf and to help resolve disagreements between them.

¶ 7        Dr. and Mr. Huckabee continued to disagree and decided it would be in Kevin's best interests to appoint a temporary substitute guardian.  The parties stipulated to HNS's appointment as

temporary substitute guardian in October 2023. Around that time, Dr. and Mr. Huckabee also agreed that Kevin should be placed in a host home. The GAL reported that Dr. Huckabee maintained an adversarial relationship with HNS regarding Kevin's care.

¶ 8     In February 2024, Mr. Huckabee filed a petition to remove Dr. Huckabee as a co-guardian for cause under section 15-10-503(3), C.R.S. 2024, contending that Dr. Huckabee had "consistently violated her fiduciary duties to act in Kevin's best interests." In March 2024, Mr. Huckabee filed a separate petition to appoint HNS as successor guardian. As part of the petition, Mr. Huckabee tendered his resignation as co-guardian contingent upon Dr. Huckabee's removal and HNS's appointment as successor guardian. Dr. Huckabee objected to the petition to remove her as co-guardian, but she did not object to the petition to appoint HNS as successor guardian.

¶ 9     Around the same time, the GAL filed a motion to extend HNS's temporary substitute guardianship, which was approaching its six-month end, arguing exigent circumstances allowed the court to extend the appointment. Dr. Huckabee objected, arguing that, under section 15-14-313, C.R.S. 2024, a temporary substitute

guardian may only be appointed for a specified period, not to exceed six months. In her objection, Dr. Huckabee also alleged that the current restrictions on visitation, communication, and access to experiences violated Kevin's rights "under Title 25.5, Article 10, Part 2 of the Colorado Revised Statutes."[1] Dr. Huckabee did not explain how any alleged rights restrictions on Kevin impacted the court's legal authority to extend HNS's appointment beyond six months. The court agreed with the GAL that an emergency existed and that it was appropriate to extend HNS's temporary substitute guardianship under section 15-10-503(1).[2]

¶ 10 A few months later, the district court held a two-day evidentiary hearing to determine whether there was good cause to remove Dr. Huckabee as a co-guardian, accept Mr. Huckabee's resignation as co-guardian, and appoint HNS as successor guardian. The court made oral findings that it was in Kevin's best interests to remove Dr. Huckabee as co-guardian and that there

---

[1] This section governs community living services that support persons with intellectual and developmental disabilities.

[2] The court did not address or mention Dr. Huckabee's allegations related to title 25.5.

was "good cause to appoint" HNS. It found that Dr. Huckabee made inconsistent decisions that created a conflict of interest and that her refusal to consider alternate providers and collaborate with Kevin's care team was not in Kevin's best interest. The court, therefore, granted both of Mr. Huckabee's petitions: it removed Dr. Huckabee as co-guardian and appointed HNS as successor guardian after approving Mr. Huckabee's resignation as co-guardian.

¶ 11   Dr. Huckabee appeals only the order appointing HNS as successor guardian.

## II.   Analysis

¶ 12   On appeal, Dr. Huckabee argues that the district court failed to properly apply section 15-14-310, C.R.S. 2024, when it appointed HNS as successor guardian without good cause. Specifically, she contends that the court failed to make the necessary findings and holdings when there were allegations that HNS violated title 25.5, article 10, part 2 while acting as Kevin's temporary substitute guardian and, as a professional fiduciary, HNS lacked statutory priority for appointment over a family member.

5

¶ 13    Dr. Huckabee's argument is unpreserved.

¶ 14    Parties are not required to use "talismanic language" to preserve a particular argument on appeal, but a claim is preserved if the trial court was presented with "an adequate opportunity to make findings of fact and conclusions of law" on the issue. *Cuevas v. Pub. Serv. Co. of Colo.*, 2023 COA 64M ¶ 35 n.3 (quoting *People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004)) (*cert. granted* July 1, 2024). The purpose of this requirement is "to permit the trial court to accurately evaluate the legal issues." *Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322, 1330 (Colo. 1986).

¶ 15    While Dr. Huckabee objected to Mr. Huckabee's petition to remove her as co-guardian, she did not object, or even respond, to the petition to appoint HNS as successor guardian, nor did she propose alternative candidates to HNS.

¶ 16    We are unpersuaded by Dr. Huckabee's contention that she preserved her argument to challenge HNS's appointment because she raised title 25.5 during opening and closing statements and in her opposition to extend HNS's temporary substitute guardianship. While Dr. Huckabee generally noted at the evidentiary hearing that "[HNS] must act according to Title 25.5, article 10, part 2," she

failed to present the specific argument she asks us to consider: that the district court was required to make factual findings regarding the allegations that HNS violated title 25.5 during the temporary substitute guardianship before it could appoint HNS as successor guardian under section 15-14-310(3). Similarly, although Dr. Huckabee's objection to extend HNS's temporary substitute guardianship indicated that the "current restrictions on visitation, communication, and access to valued experiences violate[d] [Kevin]'s rights under Title 25.5," her argument focused on HNS's alleged failure to follow the procedural requirements set forth in title 25.5 before modifying or restricting Kevin's support plan.[3] Again, the argument Dr. Huckabee raised in her objection is not the one she now raises on appeal.

¶ 17    Because the district court was not presented with the opportunity to consider the issue, it was unpreserved and we will

---

[3] In response to Dr. Huckabee's argument, the GAL acknowledged that HNS had "put visitation parameters in place to ensure Kevin's safety" but clarified that any "restrictions" were not being imposed on Kevin but on Dr. Huckabee because of "her continued inappropriate behavior as documented by multiple independent sources, and it[]s resulting impact on Kevin."

not consider it for the first time on appeal.[4]  *Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50 ("It is axiomatic that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal." (quoting *Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21)).

## III.   Disposition

¶ 18   The district court's order is affirmed

JUDGE DUNN and JUDGE TOW concur.

---

[4] For the same reason, we will not consider Dr. Huckabee's argument that the district court failed to follow the rules for priority under section 15-14-310, C.R.S. 2024, when it appointed HNS as successor guardian.