24CA0193 Marriage of Tumbarello 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0193
Jefferson County District Court No. 22DR30940
Honorable Stephen A. Groome, Judge

---

In re the Marriage of

Joseph Lawrence Tumbarello,

Appellant,

and

Tamara Rose Tumbarello,

Appellee.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Montgomery, Little, & Soran, P.C., Sibylle M. Clark, Greenwood Village, Colorado, for Appellant

Fuller & Ahern, P.C., Brian M. Close, Parker, Colorado, for Appellee

¶ 1    Joseph Lawrence Tumbarello (husband) appeals the district court's property division order entered in connection with the dissolution of his marriage to Tamara Rose Tumbarello (wife). We affirm.

## I.    Background

¶ 2    Husband and wife were married in 2009. Husband initiated the dissolution proceeding a little over fourteen years later.

¶ 3    During the parties' marriage, wife's mother gifted $345,858.87 to wife for the purchase of a liquor store business and the associated real property. The liquor store business operated as Small Batch Liquors, LLC (SBL). Both parties worked at SBL. Tumbarello, LLC (Tumbarello) held title to the real property where the store was housed (the Tennyson property). Wife was the sole owner of SBL and Tumbarello.

¶ 4    A few months before husband filed for dissolution of the marriage, the parties agreed to sell SBL and Tumbarello. Several days after the dissolution petition was filed, wife sold SBL for $100,000 and the Tennyson property for $700,000. The proceeds from these sales were placed in a trust account, until the parties

agreed on how to disburse the funds or a court order disbursed them.

¶ 5     After a permanent orders hearing, the district court found that the proceeds from the sale of the Tennyson property were wife's separate property but that the proceeds from the sale of SBL were a marital asset after a "decade of comingling." The court awarded husband $39,298.63 (one half of the SBL proceeds) and wife $550,180.74 (one half of the SBL proceeds plus all the proceeds from the sale of the Tennyson property).

## II.     Tennyson Property

¶ 6     Husband contends that the district court erred by determining that the proceeds from the sale of the Tennyson property were wife's separate property. We disagree.

### A.     Standard of Review and Applicable Law

¶ 7     "The initial step a court must make in evaluating a marital estate for distribution is to determine whether an asset is marital, that is, acquired during the marriage and subject to division, or separate property, which is shielded from distribution." *In re Marriage of Dale*, 87 P.3d 219, 226 (Colo. App. 2003); *see also* § 14-10-113, C.R.S. 2024. "Property acquired by either spouse

2

during the marriage is presumed marital . . . ." *Dale*, 87 P.3d at 226; § 14-10-113(2)-(3). However, the marital property presumption can be overcome by evidence establishing that the property was acquired by gift. § 14-10-113(2)(a). "To qualify as a gift, a transfer of property must involve a simultaneous intention to make a gift, delivery of the gift, and acceptance of the gift." *Dale*, 87 P.3d at 227. "That determination hinges fundamentally on the intent and acts of the donor and recipient, which, in turn, are questions of fact for the trial court to resolve." *Id.*

¶ 8 "Separate property that is so commingled with marital property that it cannot be traced back to its original separate form becomes marital property." *In re Marriage of Corak*, 2014 COA 147, ¶ 11.

¶ 9 "The district court's classification of property as marital or separate is a legal determination that is based on the court's factual findings." *In re Marriage of Smith*, 2024 COA 95, ¶ 42. "We defer to the court's factual findings unless they are clearly erroneous and independently review its application of the law." *Id.*

## B.    Analysis

¶ 10    As a threshold matter, wife contends that we should not review this claim because husband failed to identify the portion of the appellate record that demonstrates he preserved the issue. Although husband did not comply with C.A.R. 28(a)(7)(A), the issue is preserved because, as wife acknowledges, it was raised and the district court allocated the proceeds from the sale of the Tennyson property and SBL.  *See In re Marriage of Turilli*, 2021 COA 151, ¶ 12 ("An issue is preserved for appeal when it is brought to the court's attention and the court ruled on it.").  Thus, notwithstanding husband's noncompliant brief, we will address the merits of his contention.

¶ 11    The Tennyson property was acquired during the parties' marriage and is therefore presumed to be marital property.  *See* § 14-10-113(2)-(3).  But the district court found that the funds used to purchase the Tennyson property were a gift only to wife (not the marital estate) from her mother.  The record supports the court's finding.

¶ 12    Wife's mother testified that she gave the money only to wife. Wife testified that she was the sole owner of Tumbarello to protect

4

her family's finances and to maintain control over the building in case something happened.

¶ 13    Husband's reliance on cases involving joint ownership is unavailing because, as noted, the Tennyson property was only ever titled in Tumbarello's name.  *See Corak*, ¶ 14 ("Because title to the property did not change hands, the facts in this case are not analogous to a case in which one spouse places separate property in joint ownership during a marriage, which creates a presumption that the separate property has become marital property.").

¶ 14    Nor are we persuaded by husband's contention that the Tennyson property was so commingled with SBL that it became marital property.  As noted, wife and her mother both testified that wife was the sole owner of Tumbarello in order to protect her finances.  The proceeds from the sale of the Tennyson property could also be traced back solely to the Tennyson property, separate from the proceeds of the sale of SBL.  *Cf. Corak,* ¶ 11.  And the district court found, with record support, that any money wife used from the sale proceeds of the Tennyson property for family expenses was marital property, but the remaining amount of those proceeds was not commingled and was wife's separate property.

5

¶ 15     We agree that wife's use of some of the proceeds from the sale of the Tennyson property to cover family expenses during the dissolution proceeding does not convert the remainder of the proceeds into marital property. *Cf. id.* at ¶ 16 (concluding that use of the husband's separate property as collateral did not turn all or part of it into marital property).

¶ 16     Husband next contends that neither asset could exist without the other; therefore, any comingling applicable to SBL must also apply to the Tennyson property because the assets cannot be separated. But the Tennyson property is real property that exists independently of any business inside it, and the sales of SBL and the Tennyson property were two distinct, negotiated sales with two separate payments.

¶ 17     To the extent husband cites contrary evidence that would support a finding of commingling, it was for the district court — not us — to resolve any factual conflicts and to determine the credibility of witnesses, the weight to be given the testimony, and the inferences to be drawn from the evidence. *See In re Estate of Owens*, 2017 COA 53, ¶ 22. We cannot reweigh the court's factual determinations when, as here, the record supports them. *See id.*

¶ 18    Thus, the district court did not err by classifying the Tennyson property as wife's separate property.[1]

### III.    Stipulation

¶ 19    Finally, husband contends that wife stipulated that the Tennyson property was marital property. Wife contends that husband did not preserve this argument because he did not make it in the district court. We agree with wife.

¶ 20    Before the permanent orders hearing, the parties filed a stipulation stating that "[t]he parties have not yet determined the allocation of this marital asset as part of a global settlement," referring to the proceeds from the sales of SBL and the Tennyson property. During closing argument at the hearing, wife's counsel explained that the money from the sales had been deposited into an account and that there was a marital component and a separate property component. Husband's counsel did not make any argument to the contrary, and the court was not asked to rule on this issue of whether the stipulation meant that wife had conceded

---

[1] We decline to address husband's argument regarding sworn financial statements raised for the first time in his reply brief. *See IBC Denver II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 718 (Colo. App. 2008).

that the Tennyson property was marital property. The fact that the court took judicial notice of the stipulation does not save husband from his failure to make any argument about its scope and effect during the hearing.

¶ 21 Therefore, husband did not preserve his argument, and we do not address it further. *See Turilli*, ¶ 12; *Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21 ("It is axiomatic that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal.").

## IV. Disposition

¶ 22 The judgment is affirmed.

JUDGE YUN and JUDGE SULLIVAN concur.