Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
March 2, 2020

**2020 CO 17**

**No. 19SA99, *Gale v. City & County of Denver*—Claim Preclusion—Section 1983
Claims—C.R.C.P. 106(a)(4) Claims.**

In this case, the supreme court accepted jurisdiction to consider the

following question certified to the court by the Tenth Circuit Court of Appeals:

> Has the Colorado Supreme Court crafted an exception to the doctrine
> of res judicata such that a prior action under Colorado Rule of Civil
> Procedure 106(a)(4) cannot preclude 42 U.S.C. § 1983 claims brought
> in federal court, even though such claims could have been brought in
> the prior state action?

Plaintiff was terminated from his job as a deputy sheriff with the Denver

Sheriff's Department.  He sought review of his termination before the Denver

Career Service Board.  After a hearing officer and then the full Board affirmed

Plaintiff's termination, he filed a C.R.C.P. 106(a)(4) claim for judicial review in the

Denver District Court, naming present Defendant, among others, as defendants.

In addition, Plaintiff filed a separate action pursuant to 42 U.S.C. section 1983

against Defendant, among others, in the United States District Court for the

District of Colorado.

The Denver District Court ultimately affirmed the Career Service Board's order upholding Plaintiff's termination, and Defendant thereafter sought and obtained leave to amend its answer in the federal action to assert a defense of claim preclusion. Defendant then moved for summary judgment in the federal action based on this defense. The federal district court subsequently granted that motion, Plaintiff appealed, the Tenth Circuit certified the present question to the supreme court, and the supreme court accepted jurisdiction.

The supreme court now answers "no" to the certified question and concludes that, under Colorado state law, section 1983 claims are not excepted from the claim preclusion doctrine such that a prior C.R.C.P. 106(a)(4) action cannot preclude a section 1983 claim that could have been brought in the prior state action.

**2020 CO 17**

**Supreme Court Case No. 19SA99**
*Certification of Question of Law*
United States Court of Appeals for the Tenth Circuit Case No. 18-1269

**Plaintiff-Appellant:**

Franklin Gale,

v.

**Defendant-Appellee:**

The City and County of Denver.

**Certified Question Answered**
*en banc*
March 2, 2020

**Attorneys for Plaintiff-Appellant:**
Elkus & Sisson, P.C.
Donald C. Sisson
Lucas Lorenz
*Greenwood Village, Colorado*

**Attorneys for Defendant-Appellee:**
Denver City Attorney's Office
Charles T. Mitchell
Jessica Allen
*Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1 In this case, we accepted jurisdiction to consider the following question certified to us by the Tenth Circuit Court of Appeals:

> Has the Colorado Supreme Court crafted an exception to the doctrine of res judicata such that a prior action under Colorado Rule of Civil Procedure 106(a)(4) cannot preclude 42 U.S.C. § 1983 claims brought in federal court, even though such claims could have been brought in the prior state action?[1]

¶2 Plaintiff Franklin Gale was terminated from his job as a deputy sheriff with the Denver Sheriff's Department. At the time of his termination, he was serving as chief of the Downtown Detention Center, and the Denver Department of Safety had concluded that he had violated several internal regulations and certain Career Service Rules.

¶3 Gale sought review of his termination before the Denver Career Service Board. After a hearing officer and then the full Board affirmed Gale's termination, he filed a C.R.C.P. 106(a)(4) claim for judicial review in the Denver District Court, naming present defendant the City and County of Denver (the "City"), among

---

[1] Although the certified question is framed in terms of "res judicata," to avoid the confusion that that term engenders, Colorado courts have adopted the term "claim preclusion," as distinct from "issue preclusion." *See Foster v. Plock*, 2017 CO 39, ¶ 14, 394 P.3d 1119, 1123 ("[T]he term res judicata has been a source of confusion. Historically, res judicata was used as a general umbrella term referring to all of the ways in which one judgment could have a binding effect on another. However, courts and commentators increasingly began to use the more precise terms 'claim preclusion' and 'issue preclusion' . . . .") (citation omitted). For consistency with current Colorado law, we will use the term "claim preclusion" to refer to what the certified question denominated "res judicata."

others, as defendants. In addition, Gale filed a separate action pursuant to 42 U.S.C. section 1983 against the City, among others, in the United States District Court for the District of Colorado (the "federal action"). In the federal action, Gale sought money damages for the City's alleged violations of his First Amendment rights to free speech and free association.

¶4 The Denver District Court ultimately affirmed the Career Service Board's order upholding Gale's termination, and the City thereafter sought and obtained leave to amend its answer in the federal action to assert a defense of claim preclusion. The City then moved for summary judgment in the federal action based on this defense. The federal district court subsequently granted that motion, Gale appealed, the Tenth Circuit certified the present question to us, and we accepted jurisdiction.

¶5 We now answer "no" to the certified question and conclude that, under Colorado state law, section 1983 claims are not excepted from the claim preclusion doctrine such that a prior C.R.C.P. 106(a)(4) action cannot preclude a section 1983 claim that could have been brought in the prior state action.

## I. Facts and Procedural History

¶6 In January 2015, the Denver Sheriff's Department fired Gale from his position as a deputy sheriff and chief of the Downtown Detention Center, based on allegations that Gale had violated several departmental regulations and certain

3

Career Service Rules. Contending, among other things, that his termination was in retaliation for his union activities, Gale appealed the Department's decision to the Career Service Board. After a hearing officer affirmed Gale's termination, Gale appealed to the full Board, which also affirmed his termination.

¶7 Gale then filed a C.R.C.P. 106(a)(4) petition for judicial review in the Denver District Court, naming as defendants the City, the Career Service Board, and the Denver Department of Safety. In addition, a little over one month later, Gale filed the federal action, naming as defendants the City and Stephanie O'Malley, in her official capacity as Executive Director of the Department of Safety. In the federal action, Gale sought money damages for what he claimed to be a termination in violation of his constitutional rights to free speech and free association.

¶8 The state district court subsequently affirmed the Career Service Board's decision upholding Gale's termination. Eleven days later, the City sought leave from the federal district court to amend its answer in the federal action to include the affirmative defense of claim preclusion. The court granted this motion, and the City subsequently moved for summary judgment based on that defense.

¶9 The federal district court ultimately granted the City's summary judgment motion, finding each of the requirements for the application of the claim preclusion doctrine to have been satisfied. In so ruling, the district court rejected Gale's argument that in *Board of County Commissioners v. Sundheim*, 926 P.2d 545

4

(Colo. 1996), and *State Board of Chiropractic Examiners v. Stjernholm*, 935 P.2d 959 (Colo. 1997), this court had concluded that section 1983 claims need not be brought in a C.R.C.P. 106(a)(4) action and therefore his section 1983 claims were not barred under the claim preclusion doctrine.

¶10 Gale then appealed to the Tenth Circuit, where, among other things, he renewed his argument that this court has crafted an exception to the claim preclusion doctrine such that a prior action under C.R.C.P. 106(a)(4) cannot preclude a section 1983 claim brought in the federal district court, even though such a claim could have been brought in the prior state action.

¶11 The Tenth Circuit then certified the question now before us, and we accepted review.

## II. Analysis

¶12 We begin by discussing the applicable standard of review. We then provide an overview of Colorado law regarding the claim preclusion doctrine. Finally, we turn to the certified question and answer that question in the negative, concluding that this court has not crafted an exception to the claim preclusion doctrine such that a prior state court action under C.R.C.P. 106(a)(4) cannot preclude a section 1983 claim brought in federal court.

## A. Standard of Review

¶13 Under C.A.R. 21.1(a), when requested, we may answer questions of law certified to us by a federal court "if there is involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court." We review such questions de novo. *Hernandez v. Ray Domenico Farms, Inc.*, 2018 CO 15, ¶ 5, 414 P.3d 700, 702.

## B. Claim Preclusion Under Colorado Law

¶14 Claim preclusion prevents parties from relitigating claims that were or that could have been litigated in a prior proceeding. *Meridian Serv. Metro. Dist. v. Ground Water Comm'n*, 2015 CO 64, ¶ 36, 361 P.3d 392, 398. The claim preclusion doctrine applies when four elements are met: "(1) the judgment in the prior proceeding was final; (2) the prior and current proceedings involved identical subject matter; (3) the prior and current proceedings involved identical claims for relief; and (4) the parties to the proceedings were identical or in privity with one another." *Id.*

¶15 The certified question before us arises from the third element noted above, namely, the identity of claims, which requires a court to determine whether the claim at issue in a second proceeding is the same claim that was *or that could have*

6

*been* brought in the first proceeding. *Foster v. Plock*, 2017 CO 39, ¶ 29, 394 P.3d 1119, 1127. Specifically, we are essentially asked to decide whether our decisions in *Sundheim*, 926 P.2d at 548–49, and *Stjernholm*, 935 P.2d at 967, created an exception to the claim preclusion doctrine such that a prior state C.R.C.P. 106(a)(4) action cannot preclude a section 1983 claim brought in federal court, even though the two claims could have been brought together in the earlier state action. We conclude that neither *Sundheim* nor *Stjernholm* created such an exception.

¶16 In *Sundheim*, 926 P.2d at 548, we recognized that C.R.C.P. 106(a)(4) provides the exclusive remedy for reviewing a quasi-judicial decision made by a government entity. We thus stated that "a C.R.C.P. 106(a)(4) complaint must include all causes of action, including constitutional claims, in a single C.R.C.P. 106(a)(4) action." *Id.* We then observed:

> The analysis shifts, however, when a complainant asserts a claim for money damages under § 1983 because claims under § 1983 exist as a "uniquely federal remedy" that "is to be accorded a sweep as broad as its language." The United States Supreme Court has held that when a state places procedural barriers that deny or limit the remedy available under § 1983, those barriers must give way or risk being preempted.

*Id.* at 548 (quoting *Felder v. Casey*, 487 U.S. 131, 139 (1988); other citations omitted).

¶17 Notwithstanding Gale's assertion to the contrary, this statement did not create an exception to the claim preclusion doctrine for section 1983 claims. Indeed, *Sundheim* did not involve any issue of claim preclusion, and we did not

7

address claim preclusion in that case. Instead, our statement was a reference to the federal preemption principles described in *Felder* and cases like it. *See, e.g.*, *Felder*, 487 U.S. at 153 (concluding that principles of federalism, as well as the Supremacy Clause, dictate that a state law that conditions the right of recovery under section 1983 on compliance with a state rule designed to minimize governmental liability "must give way to vindication of the federal right when that right is asserted in state court"). We, however, do not perceive the certified question before us as asking us to determine whether the application of the claim preclusion doctrine here would create a conflict with the remedy available under section 1983, and we express no opinion on that subject.

¶18     *Stjernholm* likewise did not establish an exception to the claim preclusion doctrine such that a prior state C.R.C.P. 106(a)(4) action cannot preclude section 1983 claims brought in federal court. In *Stjernholm*, 935 P.2d at 963–64, the State Board of Chiropractic Examiners suspended a chiropractor's license, and the chiropractor sought judicial review in the court of appeals pursuant to the applicable provisions of the state Administrative Procedure Act ("APA"). While the foregoing administrative proceedings were ongoing and before the court of appeals had issued its opinion in the review proceeding before it, the chiropractor filed a section 1983 action in the district court against the Board of Chiropractic Examiners, among others. *Id*. at 965. As pertinent here, the Board subsequently

contended that under the claim preclusion doctrine, the chiropractor's failure to raise all of his constitutional issues in the judicial review action precluded litigation of those issues in his section 1983 action. *Id*. at 967. We, however, disagreed. *Id*.

¶19 In so ruling, we first noted that "[a] court reviewing agency action is competent to review state and federal constitutional issues therein, and parties are ordinarily barred from raising issues which were not presented in a single action for judicial review." *Id*. We continued, however, that in *Sundheim*, we had held that a suit under section 1983 could exist separately from a C.R.C.P. 106(a)(4) action. *Id*. (citing *Sundheim*, 926 P.2d at 548–49). We then explained:

> Our rationale in *Sundheim* allowing a section 1983 claim to be tried independently also applies here. Judicial review of state agency action under APA section 24-4-106(7)[, C.R.S. (2019),] is the counterpart to judicial review of local governmental action under C.R.C.P. 106(a)(4). Here, judicial review of this agency's action must commence in the court of appeals under a special statutory provision of the Chiropractic Act, while section 1983 lawsuits are tried in the district court. Review of agency action, whether in the district court or the court of appeals, is essentially appellate in nature based on the Board's administrative record. *See* § 24-4-106(6), [C.R.S. (2019)]. Section 1983 suits involve evidentiary presentation to and fact finding by a district court. As to the alleged federal constitutional violations essential to a section 1983 action, the court of appeals did not err in refusing, as a general matter, to employ *res judicata* to preclude section 1983 litigation in the district court.

*Id*.

9

¶20 Although we acknowledge that the above-quoted passage could perhaps have been clearer, when read in context, it did not create the exception to the claim preclusion doctrine for section 1983 actions that Gale asserts.

¶21 In *Stjernholm*, the chiropractor had sought judicial review under the APA, not under C.R.C.P. 106(a)(4). As a result, the review occurred in the court of appeals, not in the district court, and it was based solely on the administrative record. Accordingly, unlike in a C.R.C.P. 106(a)(4) proceeding, the review process in *Stjernholm* did not afford the chiropractor an opportunity to assert a section 1983 claim before he filed his section 1983 complaint: he could not assert such a claim before the chiropractic board, nor could he assert such a claim, which required the production of evidence, for the first time in the court of appeals. Thus, the chiropractor could not have asserted his section 1983 claim other than in a separate section 1983 action, and therefore the claim preclusion doctrine did not bar that claim.

¶22 In short, in concluding that the plaintiffs' section 1983 claims were not barred, *Sundheim* relied on federal preemption, not claim preclusion, principles, and *Stjernholm* relied on the fact that the chiropractor there could not have raised his section 1983 claims in his prior administrative proceedings. Thus, *Sundheim* did not address claim preclusion principles at all, and *Stjernholm's* conclusion was fully consistent with the claim preclusion doctrine. Accordingly, we conclude that

neither of these cases established any exception to the claim preclusion doctrine such that a prior state C.R.C.P. 106(a)(4) action cannot preclude section 1983 claims brought in federal court.

¶23    In reaching this conclusion, we are unpersuaded by the decisions of divisions of our court of appeals on which Gale relies. None of these cases required the divisions to address the question of claim preclusion in a case in which the plaintiff had brought separate C.R.C.P. 106(a)(4) and section 1983 claims. Moreover, these decisions are fully consistent with the above-discussed principles set forth in *Sundheim* and *Stjernholm*. *See, e.g., Nat'l Camera, Inc. v. Sanchez*, 832 P.2d 960, 966 (Colo. App. 1991) (concluding that the availability of judicial review of a state agency's action pursuant to the APA did not preclude a separate section 1983 action, as this court would likewise conclude six years later in *Stjernholm*); *Luck v. Bd. of Cty. Comm'rs*, 789 P.2d 475, 477 (Colo. App. 1990) (concluding that the district court had erred in dismissing the plaintiff's section 1983 claim when the plaintiff had filed a complaint seeking both judicial review under C.R.C.P. 106(a)(4) and damages under section 1983 but the district court had concluded that the C.R.C.P. 106(a)(4) claim was untimely under the short limitations period applicable to that claim, a decision that is fully consistent with this court's later ruling in *Sundheim*); *Wilson v. Town of Avon*, 749 P.2d 990, 992 (Colo. App. 1987) (concluding that the plaintiffs' section 1983 claims were not

11

barred under the claim preclusion doctrine because neither plaintiff had sought judicial review of the underlying administrative proceedings under C.R.C.P. 106(a)(4) and the plaintiffs' section 1983 claims could not have been raised in the prior administrative proceedings).

### III. Conclusion

¶24 For these reasons, we conclude that this court has not crafted an exception to the claim preclusion doctrine such that a prior state C.R.C.P. 106(a)(4) action cannot preclude section 1983 claims brought in federal court. We thus answer "no" to the certified question before us.