24CA0904 Uszko v Forest Glen 02-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0904
Jefferson County District Court No. 24CV27
Honorable Jason Carrithers, Judge

Nancy Uszko and Ronald Chaffin,

Plaintiffs-Appellants,

v.

Forest Glen Homeowners Association of Lakewood, Inc., Judith Ber, Arlene Kuntz, Sally Griffin, Teresa Hayes, and Ronda Zivalich,

Defendants-Appellees.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

Nancy Uszko, Pro Se

Ronald Chaffin Pro Se

Hall Booth Smith, P.C., Elizabeth C. Moran, Bradley N. Shefrin, Greenwood Village, Colorado, for Defendants-Appellees

¶ 1     Plaintiffs, Ronald Chaffin and Nancy Uszko (the homeowners), appeal the district court's judgment dismissing their claims against the defendants, Forest Glen Homeowners Association of Lakewood, Inc. (the Association), Judith Ber, Arlene Kuntz, Sally Griffin, Teresa Hayes, and Ronda Zivalich, for failure to state a claim upon which relief may be granted. We affirm the judgment and remand to the district court to determine the amount of the defendants' reasonable appellate attorney fees.

## I.    Background

¶ 2     The homeowners own a home in a development managed by the Association. In 2020, the Association filed a complaint in county court against the homeowners, alleging that they had violated the Association's governing documents. Specifically, the Association asserted that the homeowners had installed landscaping and made improvements without the Association's Architectural Control Committee's approval, stored trash and other items on their property's exterior, and obstructed access to the Association's common areas.

¶ 3     The homeowners asserted counterclaims against the Association — including breach of the covenant of good faith and

1

fair dealing, declaratory relief, and fraud — based on the Association allegedly creating hazardous conditions, interfering with the homeowners' property rights, violating its duties to homeowners, and mispresenting its own rules. The homeowners also attempted to bring third-party claims against members of the Association's board of directors based on similar grounds, but the county court denied the homeowners' motion to assert third-party claims.

¶ 4    After a bench trial, the county court ruled in the Association's favor on "most" of its claims and "denied and dismissed" the homeowners' counterclaims. The county court explained in its verbal ruling, however, that the homeowners could submit a proposed plan for their back patio area to the Association and that their plan would "not [be] restricted to . . . eight feet." The county court also awarded the Association its attorney fees and costs under the fee-shifting provision of the Colorado Common Interest Ownership Act (CCIOA), § 38-33.3-123(1)(c), C.R.S. 2024, and denied the homeowners' C.R.C.P. 360(b) motion for relief from the judgment.

¶ 5     The homeowners appealed the county court's judgment to the district court.  But the district court determined that (1) the homeowners' appeal of the county court's merits judgment was untimely, *see* C.R.C.P. 411(a); and (2) the county court hadn't abused its discretion by awarding the Association its attorney fees. The district court also denied the homeowners' motion for sanctions in which they alleged that the Association, its attorneys, and its witnesses had defrauded the court and committed perjury.

¶ 6     Undeterred, the homeowners in 2022 filed a fifty-eight-page district court complaint against the Association's individual board members and its attorneys involved in the county court case. Asserting some sixteen claims, the homeowners alleged that the board members had breached their fiduciary duties and that the attorneys had aided and abetted their breach.  They also alleged that the defendants had committed various other torts and violated certain federal and state fair housing acts.  The district court — the same district court judge who had heard the homeowners' county court appeal — dismissed the homeowners' claims under C.R.C.P. 12(b)(5), determining that their claims were barred by the claim preclusion doctrine and constituted an impermissible collateral

attack on the county court judgment. A division of this court affirmed the district court's dismissal. *See Chaffin v. Ber*, (Colo. App. No. 22CA1495, Oct. 26, 2023) (not published pursuant to C.A.R. 35(e)) (*Chaffin I*).

¶ 7 Still undeterred, the homeowners filed the present district court lawsuit in 2024, asserting claims against the Association, its board members, and one of its employees for (1) defamation; (2) intentional infliction of emotional distress; (3) breach of fiduciary duty; (4) civil conspiracy; and (5) fraud. These claims were based largely on two allegedly defamatory communications made by the defendants in early 2023 to other Association members while the homeowners' appeal in their first district court lawsuit was pending in this court, although the homeowners also alleged other misconduct that attempted to rehash their prior claims. The defendants moved to dismiss under C.R.C.P. 12(b)(5), arguing that the homeowners' vague allegations failed to state plausible claims for defamation and intentional infliction of emotional distress and that, in any event, their claims were barred by the litigation privilege and the claim preclusion doctrine. The district court granted the defendants' motion to dismiss "for the reasons stated

4

therein," denied the homeowners' motion for reconsideration, and awarded the defendants their attorney fees and costs.

¶ 8 The homeowners now appeal the district court's dismissal of their claims.

## II. Discussion

### A. C.A.R. 28(a)

¶ 9 At the outset, we address the defendants' contention that the homeowners' brief doesn't comply with C.A.R. 28(a)(7)(B)'s requirement that the appellant's brief contain a "clear and concise discussion of the grounds upon which the party relies in seeking a reversal or modification of the judgment."

¶ 10 We agree with the defendants that the homeowners' pro se briefs contain several unsupported assertions of fact and law and that their arguments largely fail to explain how the district court erred by dismissing their claims. The *Chaffin I* division noted that similar defects plagued the homeowners' briefs in that appeal. *See Chaffin I*, ¶ 14 (The homeowners' briefs "read more like stream-of-consciousness rants than legal briefs, largely neglecting to engage with the legal principles underlying the district court's dismissal of the complaint."). Nonetheless, we are able to discern at least some

of the bases on which the homeowners challenge the district court's dismissal. We will therefore address those specific contentions. *See Johnson v. McGrath*, 2024 COA 5, ¶ 10 (explaining that the court can't "rewrite a pro se litigant's pleadings" or act as their advocate); *Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (declining to address the propriety of the trial court's order where the plaintiff "fail[ed] to identify any specific errors committed by the trial court").

### B. Claim Preclusion Can Bar CCIOA Claims

¶ 11 Without citing supporting authority, the homeowners contend that the district court erred by dismissing their breach of fiduciary duty, civil conspiracy, and fraud claims because CCIOA supersedes "decisional law." We interpret the homeowners' reference to "decisional law" to mean case law codifying the claim preclusion doctrine.

¶ 12 We review de novo a district court's decision dismissing a complaint under C.R.C.P. 12(b)(5). *Colo. Ins. Guar. Ass'n v. Menor*, 166 P.3d 205, 211-12 (Colo. App. 2007).

¶ 13 The claim preclusion doctrine prevents parties from relitigating claims that were or that could have been litigated in a prior

6

proceeding. *Gale v. City & Cnty. of Denver*, 2020 CO 17, ¶ 14. The doctrine applies when (1) the judgment in the prior proceeding was final; (2) the prior and current proceedings involved identical subject matter; (3) the prior and current proceedings involved identical claims for relief; and (4) the parties to the proceedings were identical or in privity with one another. *Id.* The doctrine is "fundamental" to the operation of the judicial system because it confirms the finality of judgments and encourages reliance on prior adjudications. *Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 611 (Colo. 2005).

¶ 14    Contrary to the homeowners' argument, claims arising under CCIOA aren't exempt from the claim preclusion doctrine. Indeed, the *Chaffin I* division applied the claim preclusion doctrine when it affirmed the dismissal of the homeowner's claims in their first district court case — claims that similarly arose under CCIOA. *See Chaffin I,* ¶ 17. Other divisions of this court have likewise indicated that claim preclusion can bar claims arising under CCIOA when the doctrine's elements are met. *See Brooktree Vill. Homeowners Ass'n v. Brooktree Vill., LLC,* 2020 COA 165, ¶ 86. And our supreme court has rejected calls to exempt certain categories of statutory claims

7

from the claim preclusion doctrine. *See Gale*, ¶¶ 17-23 (claims arising under 42 U.S.C. § 1983 aren't excepted from the claim preclusion doctrine).

¶ 15     Accordingly, we reject the homeowners' argument that claims arising under CCIOA are exempt from the claim preclusion doctrine.

### C.     The County Court Didn't Find that the Defendants Violated any Duty Owed to the Homeowners

¶ 16     The homeowners next contend that the district court erred by relying on the defendants' "false proffer" that the county court ruled against them.  The homeowners' brief isn't clear how the defendants' allegedly false assertion that the homeowners lost before the county court entitles them to reversal here.  To bar the homeowners' claims, claim preclusion simply requires a final judgment in the prior proceeding; it need not necessarily be an *adverse* final judgment.  *See Gale*, ¶ 14; *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81-85 (1984) (applying claim preclusion to § 1983 claim brought in federal court by teacher who had already prevailed on state law claims in state court).

¶ 17     In any event, the record doesn't support the homeowners' contention that they prevailed before the county court.  The county

8

court said explicitly that it granted "most" of the Association's requests and that it "denied and dismissed" each of the homeowners' counterclaims. As a result, the county court determined that the Association was the "prevailing party" under section 38-33.3-123(1)(c), entitling it to recover its attorney fees and costs.

¶ 18 We recognize that the county court didn't adopt the Association's position on all issues raised in its complaint. For example, the county court said that the homeowners' patio plans were "not restricted to . . . eight feet." But this was a reference to what the homeowners could include in a future submission to the Association's board for its review, not a definitive ruling on the area that the homeowners could utilize for their project. Moreover, regardless of how the homeowners now characterize certain narrow, discrete rulings made by the county court, the court clearly determined that the Association was the prevailing party in the case as a whole by awarding it attorney fees under section 38-33.3-123(1)(c). *See Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶ 29 (CCIOA's fee-shifting provision, § 38-

33.3-123(1)(c), requires the court "to determine the prevailing party in the action as a whole, and not on a claim-by-claim basis").

¶ 19    Accordingly, we conclude that the district court didn't err by relying on the Association's position that it, not the homeowners, prevailed before the county court.

### D. The Homeowners Didn't Preserve their Federal Housing Act Disability Protections Claim

¶ 20    The homeowners also contend that the district court erred by dismissing their "Federal Housing Act disability protections" claim, which they say is codified within CCIOA under section 38-33.3-106.5, C.R.S. 2024.[1]

¶ 21    Putting aside whether CCIOA codifies any of the Federal Housing Act's protections, we decline to address this contention because the homeowners failed to adequately present this claim to the district court. *See Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21 ("[I]ssues not raised in or decided by the trial court generally will not be addressed for the first time on appeal."). The homeowners' complaint doesn't mention the Federal Housing Act or

---

[1] The homeowners' brief cites section 38-33.3-106(5), C.R.S. 2024, but we interpret that as a typographical error because section 38-33.3-106 doesn't contain a subsection (5).

section 38-33.3-106.5 and makes only a passing reference to "disability rights" in the opening paragraph. Moreover, although the homeowners' response to the defendants' motion to dismiss and other miscellaneous filings contained cursory references to section 38-33.3-106.5, their argument was never developed. *See Salazar v. Pub. Tr. Inst.*, 2022 COA 109M, ¶ 34 ("passing references" and "undeveloped arguments" are insufficient to preserve a contention for appellate review). Under these circumstances, we conclude that the homeowners' contention wasn't adequately preserved for appellate review.

### E. The Homeowners' Remaining Arguments Don't Require Reversal

¶ 22 The homeowners assert an assortment of other contentions in support of their arguments urging reversal. Many of their remaining arguments — such as their request that we reverse the district court's award of attorney fees to the defendants — are undeveloped and we won't consider them further. *See Taylor v. Taylor*, 2016 COA 100, ¶ 13 (declining to consider contentions "unsupported by any substantial argument"); *People v. Wallin*, 167

11

P.3d 183, 187 (Colo. App. 2007) (declining to address arguments presented in a perfunctory or conclusory manner).

¶ 23    For those remaining contentions that are developed to at least some degree, we resolve them as follows:

- The defendants' attorneys aren't named as defendants in this case, and therefore we lack jurisdiction to address the homeowners' contentions accusing them of wrongdoing. *See, e.g.*, *Zaborski v. Colo. Dep't of Corr.*, 812 P.2d 236, 238 (Colo. 1991).

- We agree with the district court that the two communications from the Association's board to the other community members in early 2023 are protected by the litigation privilege. The board sent the communications during the course of and in furtherance of the litigation. *See Killmer, Lane & Newman, LLP v. BKP, Inc.*, 2023 CO 47, ¶ 38. Specifically, the Association sent its communications while the prior district court case was pending on appeal to inform the other community members about the status of the case. *See Club Valencia Homeowners Ass'n v. Valencia Assocs.*, 712

P.2d 1024, 1028 (Colo. App. 1985) (letter sent by homeowners' association's attorney to other homeowners was privileged because it had some relation to the litigation and was in furtherance of the homeowners' objectives), *abrogated on other grounds by Killmer, Lane & Newman, LLP*, ¶¶ 20-22. The litigation privilege therefore bars the homeowners' tort claims that are premised on such communications. *See Patterson v. James*, 2018 COA 173, ¶ 20 (litigation privilege applies regardless of the tort theory invoked, if the claim is based on statements made in the course of litigation).

- While the homeowners assert that the claim preclusion doctrine doesn't grant the defendants authority to "continue" to violate their rights, nothing in their allegations suggests that the defendants are doing anything other than acting in accordance with the judgments rendered by the county and district courts in the prior cases. The *Chaffin I* division concluded as much when it rejected an identical contention made by the homeowners. *Chaffin I*, ¶ 17.

¶ 24    Accordingly, we conclude that the district court didn't err by dismissing the homeowners' claims.

### F.    Appellate Attorney Fees and Costs

¶ 25    The defendants request their attorney fees incurred on appeal under section 13-17-201, C.R.S. 2024.  Under that statute, the defendant in a tort action that is dismissed under C.R.C.P. 12(b) before trial "*shall* have judgment for his reasonable attorney fees in defending the action."  § 13-17-201(1) (emphasis added).  This includes reasonable attorney fees incurred in defending the dismissal on appeal.[2]  *See Patterson*, ¶ 48.  Because we've affirmed the district court's dismissal of the homeowners' claims, we agree the defendants are entitled to an award of their reasonable appellate attorney fees.  But because the district court is best positioned to determine the amount of the defendants' reasonable appellate attorney fees, we remand the case to the district court to determine the amount of those fees.  *See* C.A.R. 39.1.

---

[2] Although the defendants also request their appellate costs under section 13-17-201(1), C.R.S. 2024, the statute speaks only to "reasonable attorney fees in defending the action."  Nonetheless, as the prevailing parties on appeal, the defendants are entitled to their appellate costs upon compliance with C.A.R. 39(c)(2).

## III. Disposition

¶ 26    We affirm the judgment and remand to the district court for further proceedings consistent with this opinion.

JUDGE FREYRE and JUDGE SCHOCK concur.